# In re Sejid  SMRIKO, Respondent

File A71 685 464 - Newark

*Decided November 10, 2005*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Removal proceedings may be commenced against an alien who was admitted to the United States as a refugee under section 207 of the Immigration and Nationality Act, 8 U.S.C. § 1157 (2000), without prior termination of the alien's refugee status.

(2)  The respondent, who was admitted to the Unites States as a refugee and adjusted his status to that of a lawful permanent resident, is subject to removal on the basis of his convictions for crimes involving moral turpitude, even though his refugee status was never terminated.

FOR RESPONDENT: James G. Gavin, Esquire, Burlington, New Jersey

AMICI CURIAE:[1]  Luis Cordero, Esquire, Miami, Florida; J. Brett Grosko, Esquire, Miami, Florida; Christopher Nugent, Esquire, Washington, D.C.; Harlan Goodson, Esquire, Sacramento, California

FOR DEPARTMENT OF HOMELAND SECURITY: Susan G. Roy, Assistant Chief Counsel

BEFORE:   Board Panel: HOLMES, HURWITZ, and MILLER, Board Members.

HOLMES, Board Member:

In a decision dated December 13, 2002, we affirmed without opinion an Immigration Judge's October 11, 2000, decision finding the respondent removable under sections 237(a)(2)(A)(i) and (ii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(i) and (ii) (2000), as an alien convicted of crimes involving moral turpitude.  On October 26, 2004,  the United States Court of Appeals for the Third Circuit remanded the case to us

---

[1]  We acknowledge the very helpful briefs submitted by the parties and by amici curiae, participating members of the Refugee Council USA and supporting groups.

with a request that we address whether the respondent lost his "refugee status" when he was admitted as a lawful permanent resident pursuant to section 209(a)(2) of the Act, 8 U.S.C. § 1159(a)(2) (1994). *Smriko v. Ashcroft*, 387 F.3d 279 (3d Cir. 2004). [2]

As discussed below, we find that an alien who has been admitted as a refugee and has adjusted his or her status to that of a lawful permanent resident may be placed in removal proceedings for acts or conduct amounting to grounds for removal under section 237(a) of the Act. Although some vestiges of refugee status are afforded by regulation to refugees who have been admitted as lawful permanent residents, termination of refugee status is not a precondition to the initiation of removal proceedings against refugees who have adjusted their status. We will therefore again dismiss the respondent's appeal from the Immigration Judge's decision ordering him removed from the United States to Bosnia and Herzegovina.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was admitted to the United States as a refugee on October 20, 1994, pursuant to section 207 of the Act, 8 U.S.C. § 1157 (1994). In May 1996, his status was adjusted to that of a lawful permanent resident pursuant to section 209 of the Act. Following his convictions for theft offenses in December 1996 and April 1999, the respondent was placed in removal proceedings and was charged with having been convicted of crimes involving moral turpitude.

## II. ISSUE

The respondent relies on section 207(c)(4) of the Act for the proposition that he remains a refugee under section 207 and is therefore immune from removal proceedings until his refugee status is terminated. Section 207(c)(4) provides as follows:

> The refugee status of an alien (and of the spouse or child of the alien) may be terminated by the Attorney General pursuant to such regulations as the Attorney General may prescribe if the Attorney General determines that the alien was not in fact a refugee within the meaning of section 101(a)(42) at the time of the alien's admission.

The respondent asserts that he cannot be removed from the United States based on his criminal convictions because his refugee status was not terminated

---

[2] The court affirmed the Immigration Judge's finding that the respondent's offenses were crimes involving moral turpitude, which rendered him removable. *Smriko v. Ashcroft, supra*, at 282-83.

pursuant to section 207(c)(4), and there is no other provision in the Act or the regulations that provides for termination or cancellation of refugee status.

## III.  ANALYSIS

A review of the provisions for admission of refugees within the overall statutory framework for admission and removal of aliens indicates that Congress did not consider termination of refugee status to be a prerequisite to initiating removal proceedings against aliens admitted as refugees.  Section 239 of the Act, the provision regulating the commencement of removal proceedings, is addressed to "the alien" and does not distinguish between aliens admitted as refugees and any other aliens.  Section 237(a) of the Act also provides that "*[a]ny alien* (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed" if the alien is within one or more of the classes of deportable aliens described in that section. (Emphasis added.)   Sections 237(a)(2)(A)(i) and (ii), under which the respondent has been charged, likewise refer to "*[a]ny alien* who" has been convicted of a crime or crimes involving moral turpitude within the time periods and under the conditions specified. (Emphasis added.) The consistent reference to "any alien" in the statutory provisions governing removal proceedings and the lack of mention of prior termination of refugee status are strong indications that aliens admitted as refugees are subject to removal proceedings without the preliminary step of terminating refugee status under section 207(c)(4).

The provisions governing refugee admissions provide further support for the view that Congress did not intend to immunize aliens admitted as refugees from placement in removal proceedings.  Section 207 of the Act outlines the process for admission of refugees and sets limits on the number of refugee admissions for each fiscal year.  For aliens admitted as refugees under section 207, section 209 of the Act provides the following framework for eventual adjustment of status to lawful permanent resident:

> Criteria and Procedures Applicable for Admission as Immigrant; Effect of Adjustment
>     (1) Any alien who has been admitted to the United States under section 207—
>       (A) whose admission has not been terminated by the Attorney General pursuant to such regulations as the Attorney General may prescribe,
>       (B) who has been physically present in the United States for at least one year, and
>       (C) who has not acquired permanent resident status,
> shall, at the end of such year period, return or be returned to the custody of the Service for inspection and examination for admission to the United States as an immigrant *in accordance with the provisions of sections 235, 240, and 241.*

Section 209(a) of the Act (emphasis added).

Under this provision, a refugee whose admission has not been terminated by the Attorney General is to be inspected and examined for admission as an immigrant within the general framework for removal proceedings. Notably, the Immigration and Naturalization Service, now the Department of Homeland Security, is directed to consider the admissibility of such aliens pursuant to sections 235, 240, and 241 of the Act, 8 U.S.C. §§ 1225, 1229a, and 1231 (2000). These are the same provisions referred to in the regulations for the disposition of cases in which refugee status is terminated pursuant to section 207(c)(4) of the Act.[3] Section 240, in particular, provides that an alien placed in removal proceedings may be charged with "any applicable ground of inadmissibility under section 212(a) or any applicable ground of deportability under section 237(a)." Section 240(a)(2) of the Act.

Section 209(c) of the Act provides that certain grounds of inadmissibility in section 212(a) are inapplicable to an alien seeking adjustment of status under section 209, and that the Attorney General may also

> waive any other provision of such section (other than paragraph (2)(C) or subparagraph (A), (B), (C), or (E) of paragraph (3)) with respect to such an alien for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest.

Under this provision, aliens admitted as refugees who have criminal convictions may seek a waiver of inadmissibility at the time they apply for adjustment of status, unless they are deemed to be controlled substance traffickers under section 212(a)(2)(C).

The implementing regulation provides that section 209 is the "sole and exclusive procedure for adjustment of status by a refugee admitted under section 207 of the Act whose application is based on his or her refugee status." 8 C.F.R. § 209.1 (2005). It further directs that every such alien whose status has not been terminated must apply within 1 year after entry for a determination of admissibility under section 212 of the Act. 8 C.F.R. § 209.1(a). The regulation provides the following directive for cases in which the refugee applicant for adjustment of status is found inadmissible:

> If the applicant is determined to be inadmissible or no longer a refugee, the director will deny the application and notify the applicant of the reasons for the denial. The director will, in the same denial notice, inform the applicant of his or her right to *renew the request for permanent residence in removal proceedings under section 240 of the Act.* There is no appeal of the denial of an application by the director, but such

---

[3] The regulation implementing section 207(c)(4) of the Act states that "[u]pon termination of refugee status, the district director shall process the alien under sections 235, 240, and 241 of the Act." 8 C.F.R. § 207.9 (2005).

denial will be without prejudice to the alien's right to renew the application *in removal proceedings under part 240 of this chapter*.

8 C.F.R. § 209.1(e) (emphasis added). This regulation clearly authorizes the commencement of removal proceedings against aliens admitted as refugees without prior termination of refugee status under section 207(c)(4) of the Act.

The language of sections 209(a) and (c) of the Act and the implementing regulation at 8 C.F.R. § 209.1 clearly indicate that an alien who has been admitted as a refugee may be found inadmissible at the time of application for admission as a lawful permanent resident. A finding of inadmissibility, absent a waiver under section 209(c), precludes a refugee from adjustment to lawful permanent resident status and renders the alien susceptible to placement in removal proceedings for conduct or offenses constituting grounds for removal.

The Attorney General has summarized the refugee adjustment process described above as follows:

> Section 209(a) provides that a refugee who has been physically present in the United States for at least one year and whose conditional admission status has not been terminated must return (or be returned) to INS custody for inspection and examination to determine eligibility for lawful permanent residency. If, after conducting this examination, an immigration officer concludes that the alien seeking permanent residency "is not clearly and beyond a doubt entitled to be admitted," he or she must be detained for a removal proceeding. *See* Act § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A) (2000). *The INS is free to charge the alien in the ensuing proceeding, which is overseen by an immigration judge, with any applicable ground of inadmissibility or deportability. See INA § 240(a).*

*Matter of Jean*, 23 I&N Dec. 373, 381 (A.G. 2002) (emphasis added). The Attorney General's explanation of the refugee adjustment process indicates that a refugee, although conditionally admitted to the United States, may be placed in removal proceedings without regard to whether refugee status has been terminated pursuant to section 207(c)(4). The respondent's argument that the Attorney General's termination of refugee status is a precondition to removal is directly refuted by the statute, the promulgating regulation, and the Attorney General's explanation of the refugee adjustment process in *Matter of Jean, supra. See also Matter of Garcia-Alzugaray*, 19 I&N Dec. 407 (BIA 1986) (interpreting the predecessor provision of section 209(a) and the implementing regulations to permit a refugee to be placed in exclusion proceedings after a finding of inadmissibility by the inspecting immigration officer).

If conditional admission as a refugee does not immunize an alien from the general grounds of admissibility, it follows that a refugee admitted as a lawful permanent resident, such as the respondent, is not immunized from the grounds for removal that are applicable to all other aliens. Otherwise, a refugee convicted of a removable offense prior to adjustment of status could be placed in removal proceedings, while a refugee who, like the respondent, was convicted

after adjustment of status for the same offense would be immune from removal. We find no logical basis, and no support in the statutory or regulatory framework, for drawing such a distinction based on whether the conviction occurred before or after adjustment of status. The most reasonable reading of section 209, within the overall statutory framework, is that a refugee whose status has been adjusted to that of a lawful permanent resident is subject to all applicable grounds for removal and to placement in removal proceedings. This has long been the accepted understanding of the immigration law. *See, e.g.*, *Matter of Bahta*, 22 I&N Dec. 1381, 1382 n.2 (BIA 2000); *Matter of Garcia-Alzugaray*, *supra*.

Under the respondent's view, an alien admitted as a refugee who subsequently adjusted status could commit crimes with impunity, or even engage in terrorist activity and remain exempt from removal from the United States, without regard to whether he or she had a continuing need for protection from persecution in the country of origin, so long as refugee status was not terminated by the Attorney General. Given that the Attorney General is authorized to terminate refugee status only when it is determined that the alien was not, in fact, a refugee at the time of his or her initial admission as a refugee, the vast majority of aliens admitted as refugees would be immune from removal without regard to conduct after admission. It is difficult to imagine that Congress intended such a result.

Given the plain reference to section 240 removal proceedings in section 209(a) of the Act and the absence of any clear statement in the statute or the legislative history that refugees, including those who have adjusted status, are exempt from removal proceedings, we are not convinced by the respondent's arguments that he retains refugee status and cannot be removed from the United States until his status is terminated under section 207(c)(4). In so concluding, we have considered the references to legislative history in the court's decision remanding this case and in the briefs submitted by the parties and by amici curiae. None of these provisions, alone or in combination, provide convincing reasons for reaching a conclusion contrary to what we find to be the more natural and sensible reading of the statute.

The respondent and amici curiae refer to regulatory provisions affording various benefits to aliens admitted as refugees that may apply after the time of adjustment of status to lawful permanent residence. *See, e.g.*, 8 C.F.R. § 207.7(d) (2005) (providing that an alien admitted as a refugee may request accompanying or following-to-join benefits for a spouse or unmarried children for up to 2 years after admission to the United States); 8 C.F.R. § 223.2(b)(2)(i) (2005) (providing that a refugee travel document may be afforded to a permanent resident who received such status as a result of asylum or refugee status). The fact that designated vestiges of refugee status apply to refugees who have adjusted to lawful permanent resident status does not, however, lead to the conclusion that such aliens are immune from the grounds for removal or placement in removal proceedings. Even if all benefits of refugee status were

to be retained by a refugee who has adjusted status to that of a lawful permanent resident, he or she would not be shielded from placement in removal proceedings.

The respondent argues that his removal would violate the United Nations Convention Relating to the Status of Refugees, *adopted* July 28, 1951, 189 U.N.T.S. 150 (entered into force Apr. 22, 1954) ("Convention"), and the United Nations Protocol Relating to the Status of Refugees, *opened for signature* Jan. 31, 1967, 19 U.S.T. 6223, T.I.A.S. No. 6577, 606 U.N.T.S. 267 (entered into force Oct. 4, 1967; for United States Nov. 1, 1968) ("Protocol"). This argument fails to take into account the protections included in the context of removal proceedings, which implement the provisions of the Convention and the Protocol. These protections are afforded to all aliens, not just to those admitted as refugees. Most importantly, section 241(b)(3) of the Act generally precludes the return of any alien to a country where the alien's life or freedom would be threatened because of race, religion, nationality, membership in a particular social group, or political opinion. Additionally, the provisions of the asylum law in section 208 of the Act afford relief from removal to aliens who continue to meet the definition of a "refugee" in section 101(a)(42) of the Act, 8 U.S.C. § 1101(a)(42) (2000).

In this regard, the Convention provides that its refugee protections cease to apply in situations in which "the circumstances in connexion with which [refugee status was recognized] have ceased to exist." Convention, art. 1C(5). The respondent was afforded the opportunity to pursue a claim to asylum or withholding of removal in the proceedings below. He ultimately declined to seek such relief after acknowledging that he no longer faces a threat to his life or freedom and no longer has a well-founded fear of persecution in Bosnia and Herzegovina. We therefore find little force to the respondent's contentions that the statutory framework under which he was found removable violates provisions of the Convention or the Protocol.

## IV.  CONCLUSION

For the reasons stated above, we find no merit to the respondent's assertion that he is immune from removal on the basis of his convictions for crimes involving moral turpitude because his refugee status has not been terminated under section 207(c)(4) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:**  The appeal is dismissed and the respondent is ordered removed to Bosnia and Herzegovina pursuant to the Immigration Judge's order of October 11, 2000.