**TAI ANH DANG, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**Tai Anh Dang, Petitioner,**

**v.**

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–74235, 05–74752.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 28, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, John C. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

## MEMORANDUM **

Tai Anh Dang is facing deportation as an aggravated felon because of a 1996 conviction for lewd and lascivious acts with a child under 14. The IJ held him ineligible for asylum as an aggravated felon; for withholding of removal because his crime was "particularly serious"; and for relief under the Convention Against Torture (CAT) because it was not more likely than not that he would be tortured upon removal to his native country, Vietnam. After the Board of Immigration Appeals (BIA) summarily affirmed without opinion, Dang, represented by a new attorney, filed a motion to reopen his proceedings, alleging that his first attorney, Robert Coughlon, was constitutionally ineffective for several reasons. After the BIA denied the motion, Dang filed timely petitions for review of that denial, as well as of the agency's earlier denial of his CAT claim. We consider both petitions here.

We review legal questions *de novo* and factual questions—to the extent we have jurisdiction—for substantial evidence. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005) (regarding denial of motion to reopen); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003) (regarding CAT claim). We conclude that Dang was unconstitutionally prejudiced by his attorney's failure to appeal the IJ's determination that his crime was "particularly serious." We deny or dismiss the rest of Dang's claims.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To prevail on his ineffective assistance claims, Dang must establish not only that his attorney's representation was deficient but also that it was prejudicial. *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir.2006). "Where an alien is prevented from filing

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

an appeal [entirely], ... we will find [prejudice] if he can demonstrate plausible grounds for relief on his underlying claim." *Id.* (internal citations and quotation marks omitted). If, however, "counsel's performance was inadequate but the petitioner still had an opportunity to present his claim, prejudice [exists only] when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Id.* (internal citations and quotation marks omitted).

We address each of Dang's ineffective assistance claims in turn.[1]

### A. Appeal of "particularly serious crime" determination

Dang was convicted for touching a 9–year–old girl on her back and chest through her shirt, and sentenced to six months of incarceration and three years of probation. The IJ concluded that Dang's crime was particularly serious "based on the nature of the conviction, the bold and brazen fashion in which [Dang] carried it out, his lack of remorsefulness, the vulnerability of the victim, the repeated nature of the accosting of the victim and, the other factors involved."

█ Certainly, on appeal the BIA may have affirmed the IJ's "particularly serious crime" determination on some of these grounds. But Coughlon's failure to raise any challenge to the IJ's decision because he did not know "what reason [he] might have offered" was constitutionally inadequate.

The determination of whether an aggravated felony with a sentence of less than five years is "particularly serious" is a discretionary one, *In re Y–L–,* 23 I. & N. Dec. 270, 273–74 (BIA 2002); *In re L–S–,*

22 I. & N. Dec. 645, 648 (BIA 1999), guided by factors including:

> the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community....

*Matter of Frentescu,* 18 I. & N. Dec. 244, 247 (BIA 1982). Several factors at least arguably weighed in Dang's favor: his short incarceration, the court's willingness to sentence him to probation, and the probation officer's observations that Dang wanted "assistance in understanding his own behavior" and that Dang's contact with the victim was "minimal."

As now, discretionary decisions were subject to *de novo* review by the BIA at the time of Dang's proceedings. 8 C.F.R. § 1003.1(d)(3)(ii) (2004). Furthermore, there was no tactical reason to forego raising the issue. *See generally Magallanes–Damian v. INS,* 783 F.2d 931, 933–34 (9th Cir.1986) (discussing denials of ineffective assistance claims when attorneys' decisions were based on determination that foregoing an issue would benefit their clients). Thus, under the law regarding "particularly serious crime" determinations, the appeal was colorable.

Coughlon's decision not to appeal was also prejudicial. Because Dang was, as a result of the decision, denied entirely an opportunity to appeal his withholding claim, we ask only whether Dang had a plausible claim for such relief. *Ray,* 439 F.3d at 587. We conclude that he did. Dang was otherwise eligible for withholding of removal. He presented non-frivolous evidence regarding his family's political opinions and the Vietnamese government's likely response to such

---

1. Dang has complied with the BIA's procedural requirements for raising ineffective assistance of counsel claims. *See Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988).

opinions, which could have supported the conclusion that he would likely have been persecuted upon return to Vietnam at the time of the IJ hearing. Had the IJ rejected that evidence as applied to the withholding claim—as is likely given his incorrect reference to persecution in the context of the CAT claim—Dang could have appealed on grounds independent of those pertinent to the CAT claim for relief, pointing out that persecution is a less stringent concept than torture. We thus conclude that the BIA should have reopened Dang's appeal with regard to the "particularly serious crime" issue.

## B. Application for Section 212(c) relief

By contrast, the Section 212(c) argument that Dang maintains his attorney should have advanced was not sufficiently colorable that a competent attorney should have raised it.

■ At the time of Dang's criminal conduct in February, 1996, Section 212(c) of the Immigration and Nationality Act (INA) permitted discretionary relief from deportation for certain legal permanent residents. Prior to Dang's *nolo contendere* plea in December, 1996, however, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214 (AEDPA), eliminated such relief for aliens convicted of aggravated felonies, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, div. C, 110 Stat. 3009–546, (IIRIRA), defined sexual abuse of a minor as an aggravated felony and mandated the end of Section 212(c) relief for all aliens.

The Supreme Court addressed AEDPA's and IIRIRA's temporal reach in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), deciding that the statutes' elimination of Section 212(c) relief does not apply to aliens who pleaded guilty to deportable offenses prior to the statutes' enactment and were then eligible for Section 212(c) relief. Dang does not qualify for Section 212(c) relief under *St. Cyr* itself because by the time he pleaded guilty, his offense was defined as an aggravated felony, and he was ineligible for relief. Dang argues that his attorney should nonetheless have applied for Section 212(c) relief on the ground that applying AEDPA's elimination of such relief for aliens who committed aggravated felonies prior to AEDPA is impermissibly retroactive.

Two Ninth Circuit cases decided before Dang's IJ hearing discussed this argument. *See Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir.2002) (citing with approval *LaGuerre v. Reno*, 164 F.3d 1035, 1041 (7th Cir.1998), for the proposition that "[i]t would border on the absurd to argue that these aliens might have decided not to commit drug crimes ... had they known that ... when ... ordered deported, they could not ask for a discretionary waiver of deportation."); *Magana–Pizano v. INS*, 200 F.3d 603, 612 (9th Cir.1999) (stating that "[i]t is difficult to argue ... that a convict would have refrained from committing the criminal act if he had just known of the potential for future adverse deportation consequences."). Although neither *Armendariz–Montoya* nor *Magana–Pizano* went into the matter in any depth, both cases are reasonably read to foreclose the argument Dang now advances.

The BIA's reliance on 8 C.F.R. § 1212.3(f) to support the conclusion that "the date of the offense is not determinative of a respondent's eligibility for a section 212(c) waiver" was, however, improper. The regulation was promulgated after the conclusion of the challenged proceedings and cannot apply here. *See Castillo–*

*Perez v. INS,* 212 F.3d 518, 524 & n. 5, 528 (9th Cir.2000). We note as well that this circuit has had no opportunity to consider whether the BIA's interpretation of its regulation accords with the dictates of *St. Cyr* and *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

We also do not signal approval of the BIA's alternative reasoning, to the effect that aliens deportable by virtue of sexual abuse crimes are ineligible for Section 212(c) relief, pursuant to *In re Blake,* 23 I. & N. Dec. 722 (BIA 2005). We have not yet considered the validity of *In re Blake,* and have no occasion to do so now, because the Section 212(c) portion of Dang's ineffective assistance claim fails for other reasons.

In sum, as Coughlon's decision not to pursue Section 212(c) relief on Dang's behalf was constitutionally sound, we deny this aspect of Dang's ineffective assistance claim without approving the totality of the BIA's reasoning on this issue.

### C. Assertion of refugee status

■ Finally, petitioner maintains that Coughlon should have argued that he could not be deported as a legal permanent resident until his refugee status was formally terminated. We need not decide whether Coughlon was ineffective in failing to raise the refugee defense because Coughlon's decision did not prejudice Dang. Since Dang's deportation proceedings, both the BIA and this court have decided the issue adversely to Dang. *See Kaganovich v. Gonzales,* 470 F.3d 894 (9th Cir.2006); *In re Smriko,* 23 I. & N. Dec. 836, 842 (BIA 2005); *see also Gutnik v. Gonzales,* 469 F.3d 683, 690 (7th Cir.2006) (accepting *Smriko's* reasoning); *Romanishyn v. Atty. Gen'l of U.S.,* 455 F.3d 175, 185 (3d Cir.2006) (same). We have no reason to believe that if Dang had raised the issue to the BIA and this circuit earlier, the result would have been different. We therefore deny Dang's petition with regard to the claim that counsel was ineffective in failing to raise the refugee defense.

### II. CAT CLAIMS

■ Although Dang was convicted of an aggravated felony, we have jurisdiction to review any legal and constitutional questions he raises. 8 U.S.C. § 1252(a)(2) (as modified by REAL ID Act of 2005, Pub.L. 109–13, div. B, tit. I, § 106, 119 Stat. 231, 310). Doing so, we reject Dang's claim that the IJ applied the wrong standard to Dang's CAT claim.

Contrary to Dang's assertion, the IJ did not require that Dang show a "nexus" between the likely torture and his race, religion, nationality, social group membership, or political opinion. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001) (recognizing that the "nexus" requirement for asylum claims does not apply in the CAT context). The IJ decision discussed Dang's father's political opinion simply as factual support for his assertion that the reason he would be tortured was because of his father's political opinion. The IJ did not impose any legal requirement of such a nexus but only responded to the fact-based arguments Dang presented.

■ We have no jurisdiction over Dang's claim that the IJ's factual conclusion was incorrect, so it is dismissed.

Petition 05–74752, regarding the motion to reopen, is **GRANTED AND REMANDED IN PART,** and **DENIED IN PART.** Petition 04–74235, regarding CAT relief, is **DENIED IN PART** and **DISMISSED IN PART.**