

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2007

# Smriko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Smriko v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 05-5346

—————

SEJID SMRIKO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

—————

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A71-685-464)
Immigration Judge: Nicole Kim

—————

Submitted pursuant to Third Circuit LAR 34.1(a)
March 15, 2007

Before: FUENTES, GREENBERG, and LOURIE,* Circuit Judges.

(Filed:  March 30, 2007)

—————

OPINION OF THE COURT

—————

_____

*The Honorable Alan D. Lourie, Circuit Judge for the United States Court of
Appeals for the Federal Circuit, sitting by designation.

FUENTES, Circuit Judge.

Sejid Smriko petitions for review of his order of removal. Because the legal issue presented on appeal was resolved by a prior panel of this Court, we will deny the petition.

**I.**

Sejid Smriko is a native and citizen of Bosnia-Hergezovina who was admitted to the United States in 1994 as a refugee. Smriko was later granted status as a lawful permanent resident ("LPR"), but the Attorney General never formally terminated Smriko's refugee status. Between 1996 and 1999, Smriko was convicted three times of retail theft offenses, and the government initiated removal proceedings against him. Before an Immigration Judge ("IJ"), Smriko challenged the initiation of removal proceedings, asserting that his status as refugee, which had never been revoked, insulated him from removal. The IJ rejected this argument and ordered Smriko removed; the Board of Immigration Appeals ("BIA") affirmed without opinion.

In Smriko's first appeal to this Court, we concluded that Smriko had presented the BIA with "novel and substantial" legal issues of statutory interpretation that the BIA should have addressed. See Smriko v. Ashcroft, 387 F.3d 279, 281 (3d Cir. 2004). Because it had not, but had instead employed its streamlining procedures, we remanded for the BIA to interpret the immigration statutes relevant to Smriko's contention. On remand, the BIA issued an opinion concluding that a refugee who has adjusted status to LPR can be placed in removal proceedings, even though his refugee status was never

formally terminated.  <u>See</u> <u>In re Sejid Smriko</u>, 23 I & N Dec. 836 (BIA 2005).

In this appeal, Smriko challenges the BIA's decision in <u>Smriko</u>, claiming it to be an unreasonable interpretation of the relevant immigration statutes.  Since briefs were filed, however, this Court decided <u>Romanishyn v. Attorney General</u>, 455 F.3d 175 (3d Cir. 2006), which resolved the issue presented here.  In <u>Romanishyn</u>, we ruled that <u>Smriko</u> was a "correct and reasonable" interpretation by the BIA, and is thereby entitled to deference by this Court.  455 F.3d at 185.  Smriko's attorney laudably brought <u>Romanishyn</u> to the attention of the panel, and recognized that it binds our resolution of this case.  <u>See</u> Third Circuit Internal Operating Procedure 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels.").

Accordingly, Smirko's petition for review of the BIA's decision must be denied.