# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2007

_____

Vong Xiong,                           *
                                     *
           Petitioner,             *
                                       *   Petition for Review of a
      v.                            *   Final Decision of the Board
                                       *   of Immigration Appeals.
Alberto Gonzales, Attorney General   *
of the United States of America,      *
                                       *
           Respondent.          *

_____

Submitted: February 14, 2007
Filed: April 12, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Vong Xiong, a citizen of Laos, petitions for review of a final order of removal by the Board of Immigration Appeals (BIA). The BIA affirmed the decision of the immigration judge (IJ) denying Xiong's applications for withholding of removal and relief under the Convention Against Torture (CAT). For the reasons discussed below, we deny Xiong's petition.

## I. *Background*

Xiong, a 29-year-old male native and citizen of Laos, entered the United States on June 18, 1993, as a refugee. He subsequently adjusted his status to that of a lawful permanent resident pursuant to 8 U.S.C. § 1159(a).

On October 22, 1997, Xiong was convicted in state court of third-degree criminal sexual conduct in violation of Minnesota law. At the time of the sexual assault, the victim was 14 years old. The state court sentenced Xiong to 60 days in a workhouse and 5 years probation.

As a result of his conviction, the Immigration and Naturalization Service (INS) commenced removal proceedings against Xiong, charging him with being removable for having been convicted of a crime involving moral turpitude and an aggravated felony.[1] In response to the charges, Xiong filed a motion to terminate the removal proceedings, arguing that he was not removable from the United States because he continued to hold the refugee status granted to him in June 1993 and did not meet the requirements for termination of refugee status as outlined in the United Nations Convention Relating to the Status of Refugees. The IJ, however, denied Xiong's motion.

The IJ found Xiong removable as both an aggravated felon and an alien convicted of a crime involving moral turpitude. Because the IJ found that Xiong committed an aggravated felony, he was ineligible for asylum. Therefore, Xiong applied only for withholding of removal and protection under CAT. The INS asserted that Xiong was ineligible for these forms of relief because he had been convicted of a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii).

---

[1]The INS additionally charged Xiong with being removable for having been convicted of a crime of child abuse; however, INS subsequently withdrew that charge.

At the removal hearing, Xiong testified that his family left Laos and came to the United States when he was approximately 16 years old because of poverty and because his elders aided America in the Vietnam War. According to Xiong, his father, his father's brothers, his grandfather, and his brother were involved in the war. Xiong claimed a fear, in part, because of the closeness of his "uncle" Vang Xiong to General Vang Pao. According to Xiong, he feared returning to Laos because his family's involvement in the war might lead to his being killed, even though he was not personally involved in the war.

The IJ found Xiong's testimony concerning his father's involvement in the war to be "generally credible, but meager." Additionally, the IJ determined that Xiong's claim that he would be targeted because of his relation to Vang Xiong was undercut by Vang Xiong's admission that he was only a distant relative to Xiong, not the brother of Xiong's father. Therefore, the IJ concluded that the testimony of Xiong and his witnesses was insufficient to meet the burden of proof on his claims for relief.

The IJ also determined that Xiong's state conviction constituted a "particularly serious crime," disqualifying him for withholding of removal. While acknowledging that Xiong was not convicted under a statute section involving force or coercion, the IJ relied on the facts and circumstances of the offense as set forth in the criminal complaint.[2] In addition, the IJ had previously admitted, over Xiong's objection, the presentence report (PSR) from the state conviction, which set forth both Xiong and the victim's version of the circumstances underlying Xiong's conviction.

---

[2]Initially, when the IJ asked Xiong whether there was an objection to "Exhibit No. 2," which contained the criminal complaint, Xiong's counsel responded, "Just a minute, Your Honor. No, no objection." Thereafter, at the merits hearing on Xiong's application for withholding and protection under CAT, Xiong's counsel objected to the admission of the criminal complaint. In response, the IJ stated that it had already been received into the record and that it would remain in the record because it formed the basis for Xiong's state conviction.

After determining that Xiong was ineligible for withholding of removal based on his commission of a "particularly serious crime," the IJ made an alternative ruling. The IJ found that even if Xiong was eligible for such relief, he failed to show that he had been persecuted in the past and that it was more likely than not that he would be persecuted in the future. The IJ recounted the country information contained in the Department of State's September 1998 report "Laos—Profile of Asylum Claims and Country Conditions." This report noted that the government of Laos had formally stated that it would accept all overseas Laotians except for a "small number of high officials of the former Royal Lao government and those active in insurgency after 1975." In addition, the report stated that "[o]ver 27,000 [Laotians] had been repatriated since 1988" under the United Nations High Commissioner for Refugees and that "[a]s many as 30,000 others are estimated to have returned without official involvement." Finally, the report noted that "a Laos citizen generally can return to Laos without fear of retribution" unless the citizen held high status in the former government or was closely associated with General Pao. The IJ reiterated its finding that Xiong's testimony was "general and meager" regarding his family's involvement in the war and that Vang Xiong, who was allegedly "close" to General Pao, was a distant blood relative to Xiong, not his uncle. Because Xiong failed to satisfy his burden of proof as to withholding of removal, the IJ also denied his application for relief under CAT.

The BIA adopted and affirmed the IJ's decision and supplemented the opinion. As to Xiong's argument that the IJ should have terminated the removal proceedings because his refugee status was never revoked, the BIA relied on *In re Smriko*, 23 I&N Dec. 836 (BIA 2005), in which the BIA determined that refugees who entered the United States and subsequently adjusted their status to permanent lawful residents were subject to removal on the basis of their subsequent criminal convictions without first terminating their refugee status.

The BIA then addressed the IJ's admission of the criminal complaint and the PSR into evidence. The BIA noted Xiong's failure to initially object to the admission of the criminal complaint. Additionally, the BIA found that Xiong failed to establish that consideration of the PSR was "fundamentally unfair." Thus, the BIA concurred with the IJ's determination that Xiong was not eligible for withholding of removal and protection under CAT because he committed a "particularly serious crime."

Finally, the BIA agreed with the IJ's conclusion that Xiong failed to establish that it is more likely than not that he would either be persecuted or tortured upon his return to Laos.

## II. *Discussion*

Xiong petitions for review, arguing that (1) this court must dismiss the removal proceeding against him because, as a refugee, he cannot be placed in removal proceedings unless his refugee status is terminated or until an immigration official has inspected him and deemed him inadmissible; (2) both the BIA and the IJ violated his due process rights in deciding that his conviction for third-degree criminal sexual conduct constituted a "particularly serious crime" because they relied upon the criminal complaint and the PSR; and (3) because the IJ and the BIA concluded that he committed a "particularly serious crime," they gave "short shrift" to his claims for withholding of removal.

### A. *Termination of Removal Proceedings*

Xiong's first argument—that we must dismiss removal proceedings against him because his refugee status was never terminated—is without merit.[3]

---

[3]"Whether an alien who entered the country as a refugee and subsequently acquired LPR status may be placed in removal proceedings even though his refugee status was never terminated under 8 U.S.C. § 1157(c)(4), is a question of law" within the jurisdiction of this court on petition for review. *Romanishyn v. Atty. Gen. of the United States*, 455 F.3d 175, 180 (3d Cir. 2006).

The BIA, the Third Circuit, and the Ninth Circuit have all held that an alien who enters the United States as a refugee, subsequently adjusts his status to a permanent lawful resident, and is thereafter convicted of an aggravated felony or a crime of moral turpitude may be placed in removal proceedings, even though his refugee status was never terminated. *Smriko*, 23 I&N Dec. at 837 ("[A]n alien who has been admitted as a refugee and has adjusted his or her status to that of a lawful permanent resident may be placed in removal proceedings for acts or conduct amounting to grounds for removal under section 237(a) of the Act."); *Romanishyn*, 455 F.3d at 185 ("We thus hold that an alien who . . . entered the United States as a refugee pursuant to 8 U.S.C. § 1157, subsequently adjusted his status to become an LPR pursuant to 8 U.S.C. § 1159(a), and then was convicted of an aggravated felony and/or two or more crimes of moral turpitude, not arising out of a single scheme of criminal conduct, may be placed into removal proceedings pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(A)(ii), though his refugee status was never terminated pursuant to 8 U.S.C. § 1157(c)(4)"); *Kaganovich v. Gonzales*, 470 F.3d 894 (9th Cir. 2006) ("We join the Third Circuit in concluding that an alien who arrives in the United States as a refugee may be removed even if refugee status has never been terminated pursuant to 8 U.S.C. § 1157(c)(4).").

Therefore, given the thorough opinions authored by the BIA and our sister circuits, and seeing no reason to deviate from such opinions, we reject Xiong's argument.

## B. *Jurisdiction To Review Finding of Ineligibility for Withholding of Removal*

As to Xiong's argument that the IJ and BIA violated his constitutional right to due process by admitting and considering the criminal complaint and the PSR in determining that Xiong committed a "particularly serious crime," the government asserts that this court need not reach this legal claim because the IJ and the BIA made an alterative dispositive finding that this court lacks jurisdiction to review. We agree.

This court lacks jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [of 8 U.S.C.]. . . ." 8 U.S.C. § 1252(a)(2)(C). Therefore, we do not have jurisdiction to review a final order against an alien who was found removable for having committed an "aggravated felony." *See id.* However, this court retains jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

Xiong raises a constitutional claim that the IJ and the BIA violated his due process rights in concluding that he was ineligible for withholding of removal because he committed a "particularly serious crime." However, the IJ and BIA decision rested on alternative grounds. Xiong fails to raise a colorable constitutional or legal challenge to the IJ and BIA's alternative finding that, even if he were eligible for withholding of removal, he failed to meet his burden of proof for withholding of removal.

Therefore, even if we considered and ruled on Xiong's constitutional claim, such a ruling would be merely advisory, as we lack jurisdiction to review the IJ and the BIA's alternative finding. Xiong failed to show that he had been persecuted in the past or that it was more likely than not that he would be persecuted in the future based on a protected ground. *See Hanan v. Gonzales*, 449 F.3d 834, 836–37 (8th Cir. 2006) (holding that, under REAL ID Act, court lacked jurisdiction over habeas claim brought by alien, who was member of Pashtun ethnic group and citizen of Afghanistan, alleging that the BIA wrongly denied him relief under CAT, inasmuch as claim came down to challenges to IJ's factual determination that it was not likely that current government in Afghanistan would seek to torture alien if he was returned, and thus did not depend upon any constitutional issue or question of law).

### III. *Conclusion*
Accordingly, we deny Xiong's petition for review.

_____