# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2983

_____

Duzgun Atsiz,                                          *
                                                       *
                  Petitioner,                          *
                                                       *   Petition for Review of a Final
        v.                                             *   Decision of the Board of
                                                       *   Immigration Appeals.
Alberto Gonzales, Attorney General                     *
of the United States,                                  *      [UNPUBLISHED]
                                                       *
                  Respondent.                          *

_____

Submitted: May 16, 2007
Filed: May 22, 2007

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Duzgun Atsiz, a native and citizen of Turkey, was found removable as an aggravated felon, and the Board of Immigration Appeals (BIA) denied his petition for deferral of removal under the Convention Against Torture (CAT). We dismiss in part and deny in part his petition for review of the BIA's decision.

Atsiz first contends the BIA's seven-sentence affirmance of the Immigration Judge (IJ) decision violates his constitutional rights to due process, including meaningful review and an individualized determination. "To demonstrate a violation of due process, an alien must demonstrate both a fundamental procedural error and

that the error resulted in prejudice." Lopez v. Heinauer, 332 F.3d 507, 512 (8th Cir. 2003). "An alien has no constitutional or statutory right to an administrative appeal. Any rights to an administrative appeal are created by regulations issued by the Attorney General, and under the regulations, aliens have no right to a full opinion by the BIA." Loulou v. Ashcroft, 354 F.3d 706, 708 (8th Cir. 2003); see also Ngure v. Ashcroft, 367 F.3d 975, 981 (8th Cir. 2004) ("As a matter of constitutional law, the alien is entitled only to a reasoned decision from the *agency*, not from a particular component of the agency."). Atsiz's due process claim fails because Atsiz does not contend the IJ decision deprived him of due process, and we find the BIA effectively adopted the IJ's findings, which we review as part of the final agency decision. See Gemechu v. Ashcroft, 387 F.3d 944, 947 (8th Cir. 2004) ("To the extent that the BIA adopted the IJ's findings, we review those IJ findings as part of the final agency decision.").

Atsiz next contends the IJ improperly required him to prove he would be tortured *because of* his ethnicity or religion, something not required for deferral of removal under CAT. See Matter of S-V-, 22 I. & N. Dec. 1306, 1311 (B.I.A. 2000) (en banc) (noting the respondent in a CAT proceeding "is not required to demonstrate that he or she would be tortured on account of a particular belief or immutable characteristic.") Atsiz raised this challenge in his first appeal to the BIA. The BIA remanded the matter after finding the IJ improperly discredited Atsiz's testimony, stating, "In light of our clear error finding, we find it appropriate to remand this case for further consideration of whether the respondent proved it more likely than not he will be tortured if returned to Turkey." J.A. at 81. When the IJ again denied deferral of removal under CAT on remand, Atsiz appealed to the BIA but did not challenge the legal standard applied by the IJ on remand in either the two-page explication of the issues challenged in the notice of appeal, id. at 34-35, or in his fifteen-page brief. Id. at 5-19. As a consequence, we are without jurisdiction to review this challenge. Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006) ("Failure to raise an issue

before the [BIA] constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter.").

Finally, Atsiz argues the IJ failed to consider all the evidence presented and failed to consider the cumulative probability of torture in violation of applicable regulations and case law. We lack jurisdiction to review these challenges because "we do not have jurisdiction to review a final order against an alien who was found removable for having committed an 'aggravated felony,' with the exception of 'constitutional claims or questions of law.'" Xiong v. Gonzales, No. 06-2007, 2007 WL 1077217, at *4 (8th Cir. April 12, 2007) (citing 8 U.S.C. § 1252(a)(2)). Atsiz contends Ramadan v. Gonzales, 479 F.3d 646 (9th Cir. 2007) (per curiam), supports his view we have jurisdiction over these challenges. The Ramadan court determined "questions of law" include "the application of statutes and regulations to undisputed historical facts." Id. at 654. While not controlling law, Atsiz urges we adopt the reasoning in Ramadan and reach the merits of his attacks on the IJ's decision. But Atsiz "cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 330 (2d Cir. 2006). At bottom, Atsiz disagrees with the IJ's interpretation and use of and weight given his testimony, his expert's testimony, and condition reports for similarly situated persons in Turkey. These are factual determinations over which we have no jurisdiction. See Hanan v. Gonzales, 449 F.3d 834, 836-37 (8th Cir. 2006) (holding court lacked jurisdiction over habeas claim brought by alien, inasmuch as claim came down to challenges to IJ's factual determination that it was not likely the current government of the removal country would seek to torture alien if he was returned and, thus, did not depend upon any constitutional issue or question of law).

Accordingly, we grant the motion to dismiss the petition for review for lack of jurisdiction except as to the due process challenge, which we deny.

_____

-3-