# Matter of C-J-H-, Respondent

*Decided March 27, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien whose status has been adjusted from asylee to lawful permanent resident cannot subsequently readjust status under section 209(b) of the Immigration and Nationality Act, 8 U.S.C. § 1159(b) (2012).

FOR RESPONDENT: Donald F. Madeo, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Diane Dodd, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

In a decision dated May 8, 2013, an Immigration Judge found the respondent removable on his own admissions under sections 237(a)(2)(A)(i) and (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(i) and (iii) (2012), as an alien convicted of a crime involving moral turpitude and an aggravated felony. The Immigration Judge also denied the respondent's application for readjustment of status in conjunction with a waiver of inadmissibility under sections 209(b) and (c) of the Act, 8 U.S.C. §§ 1159(b) and (c) (2012), and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of the People's Republic of China who was admitted to the United States on January 10, 2006, as an asylee. He adjusted his status to that of a lawful permanent resident under section 209(b) of the Act on November 20, 2007. On November 9, 2011, the respondent was convicted of conspiracy to traffic in counterfeit goods in violation of 18 U.S.C. §§ 371 and 2320(a) (2006), for which he received a sentence of 12 months and 1 day.

At a hearing before the Immigration Judge, the respondent conceded removability through counsel and applied for readjustment of status under section 209(b) of the Act in conjunction with a waiver of inadmissibility under section 209(c). The Immigration Judge concluded that the

respondent was ineligible for readjustment of status under section 209(b) and therefore pretermitted his application for relief.

The respondent argues that the Immigration Judge erred in finding him ineligible to readjust his status under section 209(b) of the Act, which allows aliens who have been granted asylum to adjust their status. He acknowledges that this section of the statute does not expressly authorize the readjustment of an alien whose status was adjusted from asylee to lawful permanent resident. He also recognizes that section 209(a) contains language expressly prohibiting refugees who have acquired lawful permanent resident status from readjusting their status. *See* section 209(a)(1)(C) of the Act (providing for the adjustment of status of a refugee "who has not acquired permanent resident status"). However, he argues that the absence of any such language in section 209(b) indicates that Congress wanted to treat asylees and refugees differently. We disagree.

The fact that section 209(b) of the Act is silent on whether asylees can readjust does not mean that the statute authorizes such readjustment. *See Negusie v. Holder*, 555 U.S. 511, 518 (2009) (stating that Congress' silence is not dispositive with respect to statutory construction). By its plain terms, section 209(b) applies to asylees seeking to adjust status to that of a lawful permanent resident, a process that the respondent completed in 2007. Once he became a lawful permanent resident, he no longer had the status of an asylee. In *Matter of Smriko*, 23 I&N Dec. 836, 841 (BIA 2005), we held that a refugee admitted as a lawful permanent resident is subject to removability even though his refugee status has not been terminated under section 207(c)(4) of the Act, 8 U.S.C. § 1157(c)(4) (2000), and, in so ruling, we rejected the respondent's argument that he retained refugee status after he had adjusted to lawful permanent resident status.

We conclude that, like refugees, aliens whose status was adjusted from asylee to lawful permanent resident no longer qualify as asylees. *Cf. Gutnik v. Gonzales*, 469 F.3d 683, 692 (7th Cir. 2006) (stating that an alien who adjusted his status from that of a refugee to lawful permanent resident status no longer qualifies as a refugee and is therefore ineligible to apply for a waiver of inadmissibility under section 209(c) of the Act in connection with an adjustment of status application), *overruled on other grounds by Arobelidze v. Holder*, 653 F.3d 513 (7th Cir. 2011). Consequently, aliens who have adjusted from their status as asylees have no status that would authorize them to readjust under section 209(b) of the Act. *See id.*; *see also Saintha v. Mukasey*, 516 F.3d 243, 251–53 (4th Cir. 2008) (giving deference to the Board's determination that a refugee who had already acquired lawful permanent resident status was precluded from subsequently readjusting).

In *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1060 (9th Cir. 2010), the United States Court of Appeals for the Ninth Circuit addressed this specific issue in the asylum context and held that section 209(b) of the Act does not apply to "an asylee who already acquired LPR status." Relying on the Fourth and Seventh Circuits' interpretation of section 209(a) in *Saintha* and *Gutnik*, the court concluded that "[a]lthough section 209(a) explicitly provides that adjustment under that section is unavailable to refugees who have already 'acquired permanent resident status,' and section 209(b) contains no such provision, the language of section 209(b) is nonetheless plain." *Id.* at 1061 (citation omitted). We agree that the language of section 209(b) of the Act is plain and hold that the respondent cannot readjust his status to that of a lawful permanent resident.

Even assuming that section 209(b) of the Act is ambiguous because it does not expressly authorize or prohibit the readjustment of an alien who has previously adjusted from asylum status, we would still conclude that it does not allow such readjustment based on our interpretation of the language and structure of the Act as a whole. *See Matter of C-T-L-*, 25 I&N Dec. 341, 344 (BIA 2010) ("Issues regarding whether the language is plain and unambiguous are 'determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1999))).

The Refugee Act of 1980, Pub. L. No. 96-212, 94 Stat. 102, regularized procedures governing the admission of refugees into the United States and required the Attorney General to establish procedures for determining asylum claims filed by aliens who are already physically in the country. *See Robleto-Pastora v. Holder*, 591 F.3d at 1061. We are unaware of any legislative history that specifically discusses the differences between sections 209(a) and (b) of the Act. However, as the Ninth Circuit noted, "The legislative history [of the Refugee Act] shows that Congress saw asylees and refugees as having similar status under the law . . . ." *Id.*

Section 209(a) of the Act expressly prohibits refugees who have already acquired lawful permanent resident status from readjusting. Although the respondent advocates permitting aliens whose status has been adjusted from asylee to lawful permanent resident to readjust their status under section 209(b) of the Act, this "would provide unique relief to asylees who have acquired LPR status, while precluding such relief for similarly situated refugees." *Id.* We find no support in the legislative history for this differential treatment. "Consistent with this history, we decline to read section 209(b) as providing asylees who have acquired LPR status with additional avenues for avoiding removal that are otherwise foreclosed to similarly situated refugees." *Id.* Moreover, considering the broader context

of the statute as a whole, it is logical to conclude that an alien whose status has been adjusted from asylee to lawful permanent resident, but who was later rendered removable by engaging in criminal conduct, is ineligible to acquire permanent resident status again under the provisions of section 209(b). *Id.* (citing *Saintha v. Mukasey*, 516 F.3d at 253).

The respondent does not dispute that he was "admitted" to the United States when he adjusted his status to that of a lawful permanent resident in 2007. The regulations provide that an alien's status as one who is "lawfully admitted" for permanent residence "terminates upon entry of a final administrative order of exclusion, deportation, removal, or rescission." 8 C.F.R. § 1001.1(p) (2013). The respondent therefore remains a lawful permanent resident until there is a final order of removal. Consequently, "as an asylee who already acquired LPR status, section 209(b) [of the Act] does not apply to him." *Robleto-Pastora v. Holder*, 591 F.3d at 1060.

Finally, the respondent notes that the concept of readjustment has been acknowledged by the Board in other areas of the Act. In particular, he cites to decisions where lawful permanent residents were permitted to seek relief from removal by readjusting their status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (1988), in conjunction with various waiver provisions. *See, e.g.*, *Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996) (section 212(h) of the Act, 8 U.S.C. § 1182(h) (1994)); *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993) (former section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. IV 1992)). In those cases, we held that a lawful permanent resident who has an immediately available immigrant visa may seek relief from removal through adjustment of status under section 245(a) in conjunction with a waiver of inadmissibility.

The fact that the Act may allow a lawful permanent resident to seek adjustment of status under section 245(a) in conjunction with a waiver of inadmissibility does not convince us that Congress intended that section 209(b), which has different language and narrower purposes, should also permit such relief. *See Robleto-Pastora v. Holder*, 591 F.3d at 1059 n.6. Nor are we persuaded that the respondent should be allowed to readjust under section 209(b) of the Act simply because he is not eligible for readjustment under section 245(a).

In conclusion, we hold that an alien whose status has been adjusted from asylee to lawful permanent resident cannot subsequently readjust his status under section 209(b) of the Act. We therefore find no error in the Immigration Judge's denial of the respondent's application for adjustment of status in conjunction with a waiver of inadmissibility under sections 209(b) and (c) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.