**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2198 & 09-3444
_____

VANNEY VAN,
                                   Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                   Respondent


_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A027 356 788)
Immigration Judge: Andrew R. Arthur

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2010

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: September 24, 2010 )


_____

OPINION
_____


PER CURIAM

    Petitioner Vanney Van, a native and citizen of Cambodia, seeks review of final

orders issued by the Board of Immigration Appeals ("BIA").  For the reasons that follow,

we will deny the petitions for review in part and dismiss them in part.

Because the parties are familiar with the background, we will present it here only in summary. In 1984, as a young child, Van entered the United States with his family as a refugee. In 1988, he became a lawful permanent resident ("LPR") on account of his refugee status, as of the date of his entry into the United States in 1984. On April 23, 1997, he was convicted after pleading guilty in Pennsylvania state court to robbery, attempted rape, burglary, possessing instruments of crime, and criminal conspiracy. He was sentenced to one to ten years of imprisonment, serving three years before being released.[1] In late 2007, the Department of Homeland Security ("DHS") initiated removal proceedings, charging Van with three aggravated felony-based grounds of removability under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of a crime of violence, a theft offense, and attempt or conspiracy to commit an aggravated felony, pursuant to sections 1101(a)(43)(F), (G), and (U), respectively.[2] Van applied for waivers of inadmissability under 8 U.S.C. § 1159(c) (INA § 209(c)) and former section 1182(c) (former INA § 212(c)). He also applied for deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Van testified at a hearing before the Immigration Judge ("IJ") in support of his applications for relief. The IJ found that Van was removable for having

---

[1] Van committed these offenses in 1993 as a teenager but was prosecuted as an adult.

[2] DHS also charged Van with removability under a fourth ground, but there were no findings made on that charge, and it is not at issue here.

2

been convicted of crimes constituting aggravated felonies as defined in 8 U.S.C. §§ 1101(a)(43)(F), (G), and (U). The IJ also determined Van was ineligible for a waiver under 8 U.S.C. § 1159(c), noting such waiver depends upon an application to adjust status under section 1159(a), and that Van was no longer eligible for that adjustment because his status already was previously adjusted, and that he was no longer a refugee. The IJ also determined that Van was ineligible for a waiver of deportation under former INA § 212(c) (former 8 U.S.C. § 1182(c)) due to his criminal convictions occurring after the effective date of the abolishment of the provision. Further, the IJ denied Van's application for CAT relief and ordered Van removed to Cambodia. In a decision dated March 24, 2009, the Board of Immigration Appeals ("BIA") affirmed the IJ's order of removal and dismissed Van's appeal.

Van filed with the BIA a motion to reopen and reconsider, requesting adjustment of status and a waiver of inadmissibility under INA § 212(h) (8 U.S.C. § 1182(h)). The BIA denied Van's motion, noting that it was untimely as a motion to reconsider.[3] Considered as a motion to reopen, the BIA concluded that Van presented no new and material evidence that would affect the outcome of the proceedings, citing 8 C.F.R. § 1003.2(c)(1), and rejected Van's argument regarding the section 1182(h) waiver. Van filed timely petitions for review regarding both the BIA's decisions, and the matters have

---

[3] The BIA cited 8 C.F.R. § 1003.2(c) in support, but the provision governing the time for filing a motion to reopen appears at 8 C.F.R. § 1003.2(b)(2).

been consolidated in this Court. The respondent has filed a motion to dismiss.

As the respondent argues in its motion and in its brief, we generally lack jurisdiction to review final orders of removal against criminal aliens, like Van, who have an aggravated felony conviction. See 8 U.S.C. § 1252(a)(2)(C). However, we may review "constitutional claims or questions of law" raised in a petition for review. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). Van argues that the BIA erred in its determinations of his claims concerning section 1159(c) waiver, CAT relief, and denial of the motion to reopen for consideration of a section 1182(h) waiver.[4] We will address these issues in turn.

Van contests the agency's determination concerning his entitlement to a section 1159(c) waiver. The IJ described the section 1159 provision for refugees to adjust status to that of LPRs, and noted that a waiver of inadmissibility under 1159(c) can be granted when a section 1159(a) application for LPR status is pending.[5] Concerning Van, the IJ found that Van is no longer a refugee but is already an LPR, and, under the terms of the statute, he is no longer eligible for section 1159(a) adjustment of status and thus not

---

[4] We deem all other issues to be waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

[5] The waiver provision of section 1159(c) is set forth as a "coordination with section 1182" (concerning inadmissible aliens), listing which provisions of section 1182 were inapplicable for aliens seeking a section 1159 adjustment of status. It also provides that, with certain exceptions not relevant here, the Secretary of Homeland Security or the Attorney General may waive the provisions of inadmissibility for humanitarian purposes or family unity reasons.

eligible for a section 1159(c) waiver. Van argues that he retains his status as a refugee despite having become an LPR pursuant to section 1159(a), and that as both an LPR and a refugee, he continues to be afforded the benefit of section 1159(c)'s provision concerning waivers. We note that the BIA addressed this argument and stated that, even assuming that Van retains vestiges of his refugee status, section 1159 relief is unavailable to Van in light of the statute's language that adjustment of status under section 1159(a) can be granted to an alien "who has not acquired permanent resident status." 8 U.S.C. § 1159(a)(1)(C). It appears, then, that the agency's interpretation of the statute is that a *waiver of inadmissibility* of a refugee logically can occur only at the time when the alien refugee is seeking *admission* for lawful permanent residence. Van does not present any arguments that persuade us to conclude that the BIA erred in its statutory interpretation. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984). See also Saintha v. Mukasey, 516 F.3d 243, 253 (4th Cir. 2008) (rejecting the proposition that an alien refugee who has already adjusted his status to that of an LPR may still apply for a section 1159(c) waiver as a refugee).[6]

---

[6] The BIA further concluded that it lacked jurisdiction to consider Van's request for a section 1159(c) waiver, given that DHS has original jurisdiction over section 1159 applications for relief, and if denied, the application for adjustment of status (and presumably, any waiver request) is renewable in removal proceedings. See 8 C.F.R. § 1209.1(e). The respondent argues that Van's failure to address this specific conclusion is fatal to his claim. However, because the BIA's conclusion about its jurisdiction over a section 1159(c) waiver request is intertwined with its interpretation of section 1159, we do not conclude that Van has waived consideration of the section 1159(c) waiver issue.

Van nevertheless argues that he should be afforded the rights and protections of a refugee and be eligible for a section 1159(c) waiver, stating that if refugee status were lost upon adjustment to LPR status, "he would become subject to removal pursuant to INA § 237 [8 U.S.C. § 1227], and deemed a 'deportable alien.'" Pet'r Br. at 16-17. Although Van does not directly dispute that he is removable on the basis of his aggravated felony convictions, we note that it is settled law that an alien admitted as a refugee and adjusted to LPR status is indeed subject to removal proceedings for having committed an aggravated felony, even though his refugee status was never terminated. See Romanishyn v. Attorney General, 455 F.3d 175, 185 (3d Cir. 2006). Van is, in fact, a deportable alien, regardless of his arrival in the United States as a refugee. We are unpersuaded by Van's argument on this point.

Van next argues that he is eligible for CAT relief and that the BIA committed error in denying his claim. However, he does not raise any constitutional claims or questions of law on this issue. Van's arguments concern whether the BIA decision is supported by substantial evidence in the record. As noted earlier, because Van has aggravated felony convictions, that issue is outside of our jurisdiction and will be dismissed.

We now turn to Van's argument concerning his claim for relief under section 1182(h), which he presented in his motion to reopen or reconsider. We review the decision to deny a motion to reopen or to reconsider under an abuse of discretion standard. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under that

6

standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Id. (citing Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)). Van argues this issue as a legal matter concerning eligibility under the terms of the statute and under the Fifth Circuit's decision in Martinez v. Mukasey, 519 F.3d 532 (5th Cir. 2008). However, we agree with the respondent's position that Van does not challenge the bases of the BIA's denial of the motion, namely, that the motion was untimely as a motion to reconsider, and that Van provided no new and material evidence that would have affected the outcome of the prior proceedings. See 8 C.F.R. § 1003.2(c)(1). Van has not shown that the BIA's denial of the motion on these bases was arbitrary, irrational, or contrary to law.

We will deny the petitions for review in part and dismiss them in part. The respondent's motion to dismiss is granted in part and denied in part.