# In re S-I-K- Respondent

*Decided October 4, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien convicted of conspiracy is removable as an alien convicted of an aggravated felony within the meaning of sections 101(a)(43)(M)(i) and (U) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(M)(i) and (U) (2000), where the substantive crime that was the object of the conspiracy was an offense that involved "fraud or deceit" and where the potential loss to the victim or victims exceeded $10,000.

FOR RESPONDENT: Alex Berd, Esquire, New York, New York

BEFORE: Board Panel: FILPPU and PAULEY, Board Members; M.C.GRANT, Temporary Board Member

PAULEY, Board Member:

In a decision dated March 12, 2007, an Immigration Judge sustained the charges of deportability against the respondent, denied his various applications for relief from removal, and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, who is a native and citizen of Ukraine, was first admitted to the United States in February 1997 as a refugee pursuant to section 207 of the Immigration and Nationality Act, 8 U.S.C. § 1157 (1994). In April 1999 his status was adjusted to that of a lawful permanent resident of the United States pursuant to section 209(a) of the Act, 8 U.S.C. § 1159(a) (Supp. V 1999). In 2004 the respondent sustained a Federal conviction for conspiracy and mail fraud in violation of 18 U.S.C. §§ 371 and 1341 (2000), respectively, based on offenses committed between 1998 and 2003. The offenses that were the illegal object of the respondent's conspiracy were the making of false statements relating to a health care benefit program in violation of 18 U.S.C. § 1035 (2000); mail fraud in violation of 18 U.S.C. § 1341; and health insurance fraud in violation of 18 U.S.C. § 1347 (2000).

On the basis of these facts, the Immigration Judge determined that the respondent is removable as an alien convicted of an "aggravated felony" pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). Specifically, the Immigration Judge concluded that the respondent's conviction was for conspiracy to commit an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000, which is an aggravated felony within the meaning of sections 101(a)(43)(M)(i) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(M)(i) and (U) (2000). The Immigration Judge also denied the respondent's applications for relief, which included, inter alia, adjustment of status under section 209(a) of the Act, which he sought in conjunction with a waiver of inadmissibility under section 209(c), and withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2000).

The respondent appeals, arguing that the aggravated felony charge cannot be sustained in light of the applicable precedent decision of the United States Court of Appeals for the Third Circuit in *Alaka v. Attorney General*, 456 F.3d 88, 106 (3d Cir. 2006). In addition, the respondent contends that he is eligible for withholding of removal to Ukraine and that as a "refugee" under section 207 of the Act, he must be permitted to apply for adjustment of status under section 209(a) in conjunction with a section 209(c) waiver.

## II. ISSUE

The principal issue on appeal is whether the respondent's conviction for conspiracy to engage in various Federal fraud crimes renders him removable from the United States as an alien convicted of an aggravated felony under sections 101(a)(43)(M)(i) and (U) of the Act.

## III. APPLICABLE LAW

The respondent has previously been admitted to the United States, so the Department of Homeland Security ("DHS") must prove his removability by "clear and convincing evidence" that is "reasonable, substantial, and probative." Section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2000). The DHS charges the respondent with removability under section 237(a)(2)(A)(iii) of the Act, which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" is defined at length in section 101(a)(43) of the Act and states as follows, in pertinent part:

> The term "aggravated felony" means–
>
> . . . .
>
> (M) an offense that–
>   (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; [and]
>
> . . . .
>
> (U) an attempt or conspiracy to commit an offense described in this paragraph.

Whether the respondent's offense qualifies as an aggravated felony is a question of law that we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2007). Moreover, to the extent that the immigration statute requires a focus on a "conviction," all facts tied to the elements of a predicate offense must be proven "categorically." *Singh v. Ashcroft*, 383 F.3d 144, 161 (3d Cir. 2004) (citing *Taylor v. United States*, 495 U.S. 575 (1990)).

## IV.  ANALYSIS

### A.  Removability

Because the respondent is charged with removability under sections 101(a)(43)(M)(i) and (U) of the Act, the DHS bears a three-fold burden in proving the aggravated felony charge. At the outset, the DHS must demonstrate by clear and convincing evidence that the respondent was convicted of engaging in a "conspiracy" within the meaning of section 101(a)(43)(U) of the Act. Having met that threshold burden, the DHS must then prove that at least one of the unlawful acts that was the object of the conspiracy was an offense involving "fraud or deceit" within the meaning of section 101(a)(43)(M)(i) of the Act. Finally, the DHS must prove that the "fraud or deceit" offense that was the object of the conspiracy resulted in or contemplated a loss to his victims of more than $10,000.

With respect to this last point, we observe that Congress's inclusion of a separate aggravated felony category for inchoate crimes of attempt and conspiracy reflects a legislative judgment that an offense described in one or more of the subparagraphs of section 101(a)(43) may be considered an aggravated felony, even if it was not consummated, where the DHS can prove that the alien was convicted of an "attempt" or "conspiracy" to commit such a crime. We so held as to an attempted fraud offense in *Matter of Onyido*, 22 I&N Dec. 552, 554 (BIA 1999), where we determined that an alien's conviction for an attempt to defraud an insurance company was an aggravated felony under sections 101(a)(43)(M)(i) and (U) where the object of the unsuccessful fraudulent transaction was to defraud the insurance company of more than $10,000. *See also Matter of Davis*, 20 I&N Dec. 536, 544-45 (BIA 1992) (holding that a Maryland misdemeanor conviction for conspiracy to distribute a controlled substance was an aggravated felony because the felony

distribution offense that was the object of the conspiracy would have been an aggravated felony had it been completed).[1] Thus, the proper analysis in a conspiracy case is whether the substantive crime that was the object of the conspiracy would have fit within the particular aggravated felony category had it been successfully completed. *Matter of Davis*, *supra*.

With respect to conspiracies to commit fraud crimes enumerated under section 101(a)(43)(M)(i), this necessarily means that the DHS need not prove an *actual* loss to victims of more than $10,000; instead, it will be sufficient if the *potential* loss was more than $10,000. *Cf. Li v. Ashcroft*, 389 F.3d 892, 896 n.8 (9th Cir. 2004) (citing *Matter of Onyido*, *supra*, at 554-55, and indicating that in an attempt case "[p]otential or intended loss" can satisfy the victim loss requirement of section 101(a)(43)(M)(i)).[2] Accordingly, we reject the respondent's appellate argument that the DHS must prove that his conspiracy offense caused an actual loss to victims of more than $10,000.

In this instance, there is no dispute that the respondent's conviction for "conspiracy" in violation of 18 U.S.C. § 371 qualifies categorically as a "conspiracy" conviction within the meaning of section 101(a)(43)(U) of the Act.[3] Furthermore, the respondent does not dispute that the offenses that

---

[1] It is well settled that conspiracy "is 'a distinct evil,' which 'may exist and be punished whether or not the substantive crime ensues.'" *United States v. Jimenez Recio*, 537 U.S. 270, 274-75 (2003) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)).

[2] Portions of the Eleventh Circuit's decision in *Obasohan v. U.S. Att'y Gen.*, 479 F.3d 785, 789 n.8 (11th Cir. 2007), seem to question whether a conspiracy conviction can give rise to victim loss, since the convicted conduct in a conspiracy is the agreement to commit a crime, not the commission of the substantive offense. However, it does not appear that the *Obasohan* court was presented with any substantial argument regarding the concept of potential loss espoused in *Matter of Onyido*, *supra*. Moreover, requiring proof of an *actual* loss (rather than a potential loss) exceeding $10,000 from attempts and conspiracies would defeat the very purpose behind section 101(a)(43)(U). *Cf. Perez v. Elwood*, 294 F.3d 552, 557 n.1 (3d Cir. 2002) (observing, in relation to a money laundering conspiracy conviction charged under sections 101(a)(43)(D) and (U), that the "amount of money *to be laundered* in the conspiracy for which [the alien] was convicted exceeded $10,000" (emphasis added)). Accordingly, we do not require proof of actual loss where the offense of conviction was an anticipatory offense.

[3] The term "conspiracy" is not defined in the Immigration and Nationality Act. It is therefore presumed that Congress intended to adopt the common law meaning of that term. *United States v. Shabani*, 513 U.S. 10, 13 (1994) (citing *Molzof v. United States*, 502 U.S. 301, 307-08 (1992)). According to the United States Supreme Court, conspiracy is generically understood as an inchoate offense, "the essence of [which] is an 'agreement to commit an unlawful act.'" *United States v. Jimenez Recio*, *supra*, at 274 (citing *United States v. Shabani*, *supra*, at 16, and quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975)). And while 18 U.S.C. § 371 defines the offense of "conspiracy" to require that the

(continued...)

were the illegal object of his conspiracy–i.e., health insurance fraud, mail fraud, and the making of false statements relating to a health care benefit program–involved "fraud or deceit." *Valansi v. Ashcroft*, 278 F.3d 203, 210 (3d Cir. 2002). Thus, the sole question remaining to be decided is whether the potential loss associated with the respondent's incipient fraud offense was more than $10,000.

The respondent's plea agreement contains a stipulation that the loss foreseeable to him arising from the offenses of conviction (that is, from the conspiracy and mail fraud charges to which he pled guilty) was more than $70,000, but less than $120,000, and the respondent testified to the same effect during his plea colloquy. Furthermore, the trial judge imposed sentence on the respondent based on her express determination that this $70,000 to $120,000 range represented the "intended loss" arising from his offenses of conviction. On the basis of this evidence, we agree with the Immigration Judge that the respondent's conviction record establishes that the potential loss to victims arising from his conviction for conspiracy to commit fraud (including the mail fraud offense to which he also pled) exceeded $10,000.[4] In coming to this conclusion, we observe that the Third Circuit has expressly held that the "record of conviction" in such cases includes a trial judge's "'explicit factual findings'" made in the sentencing context. *See Alaka v. Att'y Gen.*, *supra*, at 106 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005), and holding that an Immigration Judge "did not err in examining the District Court's factual findings as articulated in the sentencing report" when seeking to ascertain the

---

(...continued)
illicit agreement be accompanied by the commission of an "overt act" in furtherance of the agreement by at least one of the conspirators, the Supreme Court has held that this "overt act" requirement is purely a function of statute and does not inhere in the common law concept of conspiracy. *United States v. Shabani*, *supra*, at 13-16; *Singer v. United States*, 323 U.S. 338, 340 (1945); *Nash v. United States*, 229 U.S. 373, 378 (1913) (Holmes, J.). Because the present respondent was convicted of violating 18 U.S.C. § 371 itself, the existence of an overt act was necessarily proven, and we therefore have no present occasion to decide whether proof of such an act is always required for a "conspiracy" conviction under section 101(a)(43)(U) of the Act.

[4] Because the respondent's conviction record contains evidence sufficient to establish the requisite amount of potential loss, evidence outside the conviction record need not be considered for this purpose. *See Matter of Babaisakov*, 24 I&N Dec. 306 (BIA 2007). Furthermore, because the district court expressly found that the "intended loss" arising from the respondent's convicted conduct exceeded $10,000, we need not decide whether clear and convincing proof with respect to other measures of potential loss–such as "foreseeable" or "natural and probable" loss–would have been sufficient to satisfy the DHS's burden. *Cf. Pinkerton v. United States*, 328 U.S. 640 (1946) (stating that conspirators are liable for the reasonably foreseeable criminal acts of coconspirators undertaken in furtherance of the unlawful agreement); *United States v. Casiano*, 113 F.3d 420 (3d Cir.) (same).

relevant loss quantum in connection with a section 101(a)(43)(M)(i) aggravated felony charge). Moreover, unlike a restitution order, this potential loss quantum is tied directly to the counts of the indictment to which the respondent pled guilty.

Accordingly, we conclude that the DHS has established by clear and convincing evidence that the respondent was convicted of a conspiracy to commit an offense involving fraud or deceit in which the potential loss to the victims exceeded $10,000. The aggravated felony charge is therefore sustained. Moreover, in view of the fact that the respondent is deportable as an alien convicted of an aggravated felony, we need not decide whether to sustain the lodged charge that the respondent was convicted of a crime involving moral turpitude. Having sustained the aggravated felony charge, we now turn to the respondent's arguments regarding his eligibility for relief from removal.

## B. Relief From Removal

As a lawful permanent resident convicted of an aggravated felony, the respondent is statutorily barred from applying for most forms of relief from removal, including cancellation of removal, asylum, a waiver of inadmissibility, and voluntary departure.[5] Furthermore, although he is not statutorily barred from seeking withholding of removal under section 241(b)(3) of the Act, the respondent has not demonstrated that he is eligible for such relief on the merits. In support of his application, the respondent contends that he experienced past persecution and faces a likelihood of future persecution in his native Ukraine on account of his Jewish religion and ethnicity. However, in an interim decision dated March 17, 2006, the Immigration Judge concluded at length that the respondent had failed to demonstrate that his past mistreatment in Ukraine was inflicted on account of his religion or ethnicity or that he faced a clear probability of suffering future persecution in that country on account of any protected ground. We find no error in those determinations, which were based on a permissible view of the evidence. *See* 8 C.F.R. § 1003.1(d)(3)(i); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Accordingly, we will not disturb the Immigration Judge's denial of the respondent's application for withholding of removal.

---

[5] We note that although the respondent previously applied for other forms of relief before the Immigration Judge, his present appeal challenges only the denial of his applications for withholding of removal under section 241(b)(3) and adjustment of status under section 209(a).

Finally, the respondent maintains that he remains a "refugee," regardless of his deportability, and that he must be given an opportunity to apply (or rather, reapply) for adjustment of status pursuant to section 209(a) of the Act, in conjunction with a waiver of inadmissibility under section 209(c) of the Act. *See generally Matter of H-N-*, 22 I&N Dec. 1039 (BIA 1999). However, the respondent's eligibility for such relief is foreclosed by the plain language of the statute, which declares that a refugee admitted under section 207 of the Act can be admitted as an immigrant only if he "has not acquired permanent resident status." Section 209(a)(1)(C) of the Act. The respondent previously acquired permanent resident status in April 1999 and is therefore prohibited from acquiring such status again by means of section 209(a) of the Act. Moreover, inasmuch as the respondent is ineligible to apply for adjustment of status under section 209(a), he cannot obtain a section 209(c) waiver, which is applicable only to an "alien seeking adjustment of status under [section 209]." *Cf. also Romanishyn v. Att'y Gen.*, 455 F.3d 175 (3d Cir. 2006) (extending administrative deference to *Matter of Smriko*, 23 I&N Dec. 836 (BIA 2005), in which we held that an alien admitted as a refugee who later adjusted his status to that of a lawful permanent resident is subject to removal based on convictions, notwithstanding the fact that refugee status was never terminated).

## V. CONCLUSION

In conclusion, the respondent is deportable as an alien convicted of an aggravated felony. We find no reversible error in the Immigration Judge's decision denying or pretermitting his various applications for relief from removal. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.