**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDMUND DUDA, | No. 08-73585 |
| Petitioner, | Agency No. A027-266-245 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]
San Francisco, California

Before: GOODWIN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Edmund Duda petitions for review of the decision by the Board of

Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's

denial of his application for a waiver of inadmissibility and adjustment of status.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we dismiss in part and deny in part Duda's petition for review.[1]

1.     We lack jurisdiction to review the BIA's denial of § 212(c) relief. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). In three separate orders, the BIA concluded that Duda did not merit a favorable exercise of discretion, therefore he was ineligible for a § 212(c) waiver. Duda does not challenge the BIA's denial on any constitutional or legal grounds. Nor does he assert that the BIA failed to balance all the favorable and unfavorable factors when determining whether he was entitled to relief under former § 212(c). *See Zheng v. Holder*, 644 F.3d 829, 833 (9th Cir. 2011). Thus, we lack jurisdiction to reconsider the BIA's discretionary decision to deny § 212(c) relief. Because we lack jurisdiction, we need not address the merits of the remaining issues related to the § 212(c) waiver raised on appeal as those issues are moot.

2.     Duda is also ineligible for adjustment of status as a refugee under 8 U.S.C. § 1159. Assuming exhaustion, because Duda adjusted his status to that of a legal permanent resident, he is no longer eligible for adjustment of status as a refugee.

---

[1] In light of the foregoing disposition, Duda's Motion to Remand filed March 17, 2013 is denied.

2

*See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1059-60 (9th Cir. 2010); *Matter of*

*S-I-K-*, 24 I. & N. Dec. 324, 330 (BIA 2007).

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**