# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2013

No. 12-60364

Lyle W. Cayce
Clerk

OANH NGUYEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A027 350 312

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Oanh Nguyen filed two petitions for review from orders of the Board of Immigration Appeals ("BIA") that have been combined into the present appeal. Because we find that we have no jurisdiction to hear her challenge to the BIA's determination that she is not eligible for an Immigration and Nationality Act ("INA") § 212(h) waiver and because we agree with the BIA's determination that a § 209(c) waiver does not apply to refugees who have already adjusted to lawful permanent resident ("LPR") status, we DISMISS in part and DENY in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60364

## I.

Oanh Nguyen, a native and citizen of Vietnam, was paroled into the United States as a refugee on November 27, 1984. Her status was adjusted to that of a LPR on April 3, 1986, with an effective date of November 27, 1984. Nguyen was convicted of theft a total of eight times in Harris County, Texas, between 1986 and 2004.

In June 2007, she applied for admission into the United States as a returning resident but was paroled due to her extensive criminal history. Nguyen was thereafter charged with removability pursuant to INA § 212(a)(2)(A)(i)(I),[1] in that she was an alien who had been convicted of a crime involving moral turpitude.

Nguyen appeared before an immigration judge ("IJ") and conceded removability. Nguyen sought an INA § 212(h)[2] waiver of admissibility, and offered evidence in support of her application. The IJ thereafter issued a decision denying Nguyen's application for a § 212(h) waiver of inadmissibility, determining that she had not demonstrated that her United States citizen children would experience extreme hardship if she were removed and that relief should not be granted as a matter of discretion. The IJ found that even if it was assumed that Nguyen had recovered from her alleged kleptomania, her past transgressions were sufficiently significant and numerous that she did not warrant the relief sought. The IJ added with respect to the extreme hardship analysis that Nguyen's daughters (aged 19 and 22 and in college) were not precluded from all contact with Nguyen, that Nguyen could talk with them by phone, and that future visits to Vietnam for the girls were feasible given Nguyen's financial position.

---

[1] 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[2] 8 U.S.C. § 1182(h).

No. 12-60364

The BIA dismissed Nguyen's appeal, agreeing with the IJ that Nguyen had not shown that her removal would result in extreme hardship to her United States citizen children and that, as a matter of discretion, she did not merit a waiver on account of her lengthy criminal history. Nguyen then filed her first petition for review, which was timely filed.[3]

Nguyen argued that this Court had jurisdiction to review her eligibility for a § 212(h) waiver of inadmissibility. Next, she argued that (1) the BIA and IJ failed to consider her refugee status; (2) the BIA and IJ failed to consider that she was eligible for a § 209(c)[4] waiver; and (3) even if it is assumed arguendo that she is ineligible for a § 209(c) waiver, the BIA and IJ failed to consider her immigration history as a refugee in the extreme hardship and discretionary analysis for purposes of a § 212(h) waiver.

The Government countered that this Court lacked jurisdiction to review the petition because her challenge of the denial of discretionary relief with regard to the § 212(h) waiver did not raise a constitutional or legal issue and, additionally, Nguyen had failed to exhaust the issues related to her refugee status and eligibility for a § 209(c) waiver.

While her first petition was pending, Nguyen moved the BIA for reconsideration of her appeal and raised the issues of her refugee status and her eligibility for a § 209(c) waiver. On reconsideration, the BIA acknowledged that it did not address issues related to Nguyen's refugee status and her eligibility for a § 209(c) waiver, but determined that such error was harmless. As to Nguyen's challenge to the § 212(h) determination, the BIA acknowledged that Nguyen entered the United States as a refugee, but nevertheless reaffirmed its holding, stating that she had not shown that her removal would result in extreme

---

[3] 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

[4] 8 U.S.C. § 1159(c).

hardship to her United States citizen children. The BIA found noteworthy evidence that Nguyen had voluntarily returned several times to Vietnam since coming to the United States as a refugee and had not expressed a fear of returning. Therefore, even taking her refugee status into consideration, the BIA held that she did not merit a § 212(h) waiver as a matter of discretion in light of her lengthy criminal history. As to Nguyen's challenge based on her claim of eligibility to a § 209(c) waiver, the BIA determined that a § 209(c) waiver is available only to an alien seeking adjustment of status under § 209, which is available only to refugees who have not acquired LPR status. Noting that it was undisputed that Nguyen adjusted her status to that of a LPR in 1986, the BIA concluded that she was ineligible for adjustment of status under § 209, and as a result, was ineligible for a § 209(c) waiver of inadmissibility. The BIA thus determined that the IJ did not violate his duty to inform her of all potential forms of relief. It therefore denied her motion for reconsideration. Nguyen filed a second timely petition for review.

Both these petitions have now been consolidated into the present appeal.

## II.

### A.

Under § 212(h), the Attorney General, in his discretion, may waive the inadmissibility of an alien convicted of a crime involving moral turpitude,[5] if the immigrant is the parent of a United States citizen and it is established to the satisfaction of the Attorney General that the immigrant's denial of admission would result in extreme hardship to the United States citizen child and, additionally, the Attorney General, in his discretion, has consented to the immigrant's applying or reapplying for adjustment of status.[6]

---

[5] 8 U.S.C. § 1182(a)(2)(A)(i)(I).

[6] 8 U.S.C. § 1182(h); *see also Cabral v. Holder*, 632 F.3d 886, 890–91 (5th Cir. 2011).

Courts generally do not have jurisdiction to review any judgment regarding the granting of relief under § 212(h).[7] Additionally, courts generally do not have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a crime involving moral turpitude.[8] However, the REAL ID Act provides an exception to both these jurisdictional bars.[9] Under INA § 242(a)(2)(D), courts retain jurisdiction over review of constitutional claims or questions of law raised in a petition for review.[10] Thus, as long as such constitutional claims and questions of law are properly exhausted before the BIA, we have jurisdiction.[11] Abuse of discretion claims, however, are outside the scope of review due to the jurisdictional bars.[12] Finally, questions regarding this Court's jurisdiction are reviewed de novo.[13]

**B.**

Nguyen's original argument in favor of this Court's jurisdiction concerned the BIA's and IJ's failure to address her refugee status in determining her eligibility for a § 212(h) waiver and failure to address the § 209(c) waiver, which she characterized as legal errors reviewable by this Court. The BIA has since considered both arguments. We deal with the § 209(c) waiver analysis below. As to the § 212(h) waiver analysis, the BIA determined that despite Nguyen's refugee status, she had not satisfied the extreme hardship criterion and,

---

[7] 8 U.S.C. § 1252(a)(2)(B).

[8] 8 U.S.C. § 1252(a)(2)(C).

[9] Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)).

[10] 8 U.S.C. § 1252(a)(2)(D).

[11] *Said v. Gonzales*, 488 F.3d 668, 670 (5th Cir. 2007) (citing to the exhaustion requirement found in 8 U.S.C. § 1252(d)(1)).

[12] *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560–61 (5th Cir. 2006).

[13] *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

additionally, she was not entitled to a § 212(h) waiver as a matter of discretion given her lengthy criminal history.

Nguyen now argues that the BIA's failure to consider her refugee status was not harmless error because an applicant's immigration history is a relevant factor to be considered for purposes of evaluating extreme hardship. To the extent the BIA relied on evidence that she had voluntarily returned to Vietnam several times without incident in its hardship analysis, Nguyen contends that upon remand to the IJ, new facts can be provided that could reasonably change the IJ's views concerning her ability to see and communicate with her United States citizen children if she were removed. This argument, however, is not premised on a constitutional claim, an issue of law, or one of statutory interpretation. Instead, Nguyen seeks review of the BIA's determination that her refugee status did not affect the extreme hardship analysis. Nguyen's argument that the BIA did not give sufficient weight to her refugee status or immigration history when determining extreme hardship is not a legal issue reviewable by this Court.[14]

Nguyen additionally argues, without citation to authority, that the IJ on remand and with new facts before it, should have been allowed to make the initial discretionary determination regarding the evidence of her refugee status and its effect on her ability to demonstrate extreme hardship. The issue of her refugee status and its effect on the hardship analysis was raised for the first time in her motion for reconsideration before the BIA. Motions for

---

[14] *Hadwani*, 445 F.3d at 801 (rejecting petitioner's constitutional claims because they were really abuse of discretion arguments "cloaked in constitutional garb" (internal quotation marks omitted)).

One of our previous cases has gone even a step further to hold that the petitioner's argument that the IJ did not consider all of the relevant factors did not constitute a constitutional or legal challenge. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (deeming unreviewable a claim that in denying cancellation of removal, the IJ did not consider all the relevant factors in determining whether the alien's children would suffer the requisite hardship). While we do not rely on it to reach our conclusion today—because the BIA did consider this factor—we do note that it tends to support our conclusion.

reconsideration are not vehicles for the presentation of new evidence.[15] Nguyen's refugee status was not new evidence, as it had been contained in the record but overlooked. Although she attempts to cloak this argument as an issue of law, she is in essence contending that the BIA's extreme hardship determination was an abuse of discretion and could be established as such via the admission of additional evidence on remand to the IJ. Because motions for reconsideration are not vehicles for the presentation of new evidence, Nguyen is trying to back-door the admission of new evidence before an IJ in an effort to show that the BIA abused its discretion in determining extreme hardship. Such an argument does not raise a legal issue and, as such, it is unreviewable.[16] In light of the preceding, this Court lacks jurisdiction to review the denial of a § 212(h) waiver of inadmissibility in this case. We, therefore, DISMISS Nguyen's petition as to her § 212(h) claim.

## III.

### A.

The question of whether a refugee who has already adjusted to LPR status can readjust to LPR status using the § 209(c) waiver is a matter of first impression in this Court. We begin by noting our jurisdiction. Nguyen's § 209(c) challenge does not fall under the general jurisdictional bar that prohibits review of removal orders against aliens who are removable by reason of having committed a crime involving moral turpitude.[17] As Nguyen's eligibility for a § 209(c) waiver is a question of statutory interpretation—in other words, a

---

[15] 8 C.F.R. § 1003.2(b)(1) (stating that a motion to reconsider shall specify the errors of fact or law in the prior BIA decision); *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) ("A motion for reconsideration urges an adjudicative body to re-evaluate the record evidence only."). We cannot interpret Nguyen's motion as a motion to reopen because she did not state the new facts she hoped to prove and support these facts by affidavits or other evidentiary materials. 8 C.F.R. § 1003.2(c)(1).

[16] *See Hadwani*, 445 F.3d at 801; *Sung*, 505 F.3d at 377.

[17] 8 U.S.C. § 1252(a)(2)(C).

question of law—this Court has jurisdiction to entertain the argument.[18] Finally, the Government concedes that by virtue of her motion for reconsideration, Nguyen has now exhausted the issues related to her refugee status and her eligibility for a § 209(c) waiver. Thus, the statutory interpretation of § 209(c) is properly before us.

## B.

The denial of a motion for reconsideration is reviewed for an abuse of discretion.[19] However, questions of law are afforded de novo review, giving deference to the BIA's interpretation of immigration statutes.[20]

This Court recently addressed the degree of deference afforded the BIA's statutory interpretations. In *Dhuka v. Holder*,[21] we held that a non-precedential opinion of the BIA does not bind third parties and is not entitled to *Chevron* deference.[22] We reached this conclusion based on *Mead*,[23] reasoning that the inquiry of "whether *Chevron* deference applies has a predicate requirement that the agency have issued its interpretation in a manner that gives it the force of law."[24] Examining the regulation that allows a BIA opinion to be selected as precedent, we noted that while the regulation does not allow single-member decisions to have precedential effect, the regulation does allow three-member

---

[18] 8 U.S.C. § 1252(a)(2)(D); *see also Said*, 488 F.3d at 670.

[19] *Zhao*, 404 F.3d at 301.

[20] *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

[21] 716 F.3d 149 (5th Cir. 2013).

[22] *Id.* at 156; *see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron* deference, whether deference is due begins by an inquiry of whether there is an ambiguity in the statute; if there is one, then the agency's explanation must be a reasonable one. *Id.* at 842–43. This Court usually "accord[s] deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[23] *United States v. Mead Corp.*, 533 U.S. 218 (2001).

[24] *Dhuka*, 716 F.3d at 155.

panel decisions to have precedential effect if the proper procedural mechanism is followed.[25] We noted that many of our sister courts have held that single-member decisions are not entitled to *Chevron* deference due to their non-precedential nature.[26] Turning to the three-member panel decision in that case, which had not been designated to serve as precedent, we held that the key inquiry in deciding whether it had the force of law was "whether the BIA decision made law that binds third parties."[27] We held that "three-member decisions not designated as precedent have no more force under [the] regulation than single-member decisions."[28] Thus, we concluded that such decisions because of their non-precedential nature do not have the necessary force of law and thus cannot be entitled to *Chevron* deference.[29] However, we also held that "[c]ontrolling prior BIA decisions that the BIA cite[s] will be given *Chevron* deference as appropriate."[30] Later in the opinion, we held that the BIA was entitled to *Chevron* deference for those parts of its analysis that cited prior precedential BIA decisions.[31]

In this case, the BIA's interpretation of Nguyen's eligibility for a § 209(c) waiver is a single-member decision and thus non-precedential. Therefore, the decision should be reviewed under *Skidmore* deference.[32]  Nevertheless, prior

---

[25] *Id.* (citing 8 C.F.R. § 1003.1(g)).

[26] *Id.* at 155–56.

[27] *Id.* at 156.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 157 ("The BIA's precedential decisions on which its current analysis relies are entitled to *Chevron* deference . . . .").

[32] *Cf. id.* at 154; *see also Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). Under *Skidmore* deference, the "weight of . . . a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with

precedential BIA decisions cited by this single-member decision will be afforded *Chevron* deference as appropriate.[33]

The issue of whether a refugee who has adjusted to LPR status is eligible for a § 209(c) waiver was raised in *In re S-I-K-*,[34] which was relied upon by the BIA in denying Nguyen's motion for reconsideration. *In re S-I-K-* is a published three-member decision and has precedential value.[35] Thus, under the reasoning of *Dhuka*, *In re S-I-K-* has the necessary force of law to be entitled to *Chevron* deference if appropriate.

## C.

INA § 209 deals with the adjustment of status of refugees. It provides in pertinent part:

> (a) Inspection and examination by Department of Homeland Security
>
> (1) Any alien who has been admitted to the United States under section 1157 of this title—
>
> (A) whose admission has not been terminated by the Secretary of Homeland Security or the Attorney General pursuant to such regulations as the Secretary of Homeland Security or the Attorney General may prescribe,
>
> (B) who has been physically present in the United States for at least one year, and
>
> (C) who has not acquired permanent resident status,

---

earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Id.* at 140.

[33] *Dhuka*, 716 F.3d at 156.

[34] 24 I. & N. Dec. 324 (BIA 2007).

[35] *See* 8 C.F.R. § 1003.1(g) ("By majority vote of the permanent Board members, selected decisions of the Board rendered by a three-member panel or by the Board en banc may be designated to serve as precedents in all proceedings involving the same issue or issues."); BIA Practice Manual ch. 1.4(d)(i) ("Published decisions are binding on the parties to the decision. Published decisions also constitute precedent that binds the Board, the Immigration Courts, and DHS.").

shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

(2) Any alien who is found upon inspection and examination by an immigration officer pursuant to paragraph (1) or after a hearing before an immigration judge to be admissible (except as otherwise provided under subsection (c) of this section) as an immigrant under this chapter at the time of the alien's inspection and examination shall, notwithstanding any numerical limitation specified in this chapter, be regarded as lawfully admitted to the United States for permanent residence as of the date of such alien's arrival into the United States.

(b) . . . .

(c) Coordination with section 1182

The provisions of paragraphs (4), (5), and (7)(A) of section 1182(a) of this title shall not be applicable to any alien seeking adjustment of status under this section, and the Secretary of Homeland Security or the Attorney General may waive any other provision of such section (other than paragraph (2)(C) or subparagraph (A), (B), (C), or (E) of paragraph (3)) with respect to such an alien for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest.[36]

Looking to § 209(a)(1)(C), the BIA reasoned that only those aliens who have not yet acquired LPR status are eligible to seek adjustment under this section. As a result, the BIA held that Nguyen was not eligible for a § 209(c) waiver because she could not seek adjustment of status under § 209.

Nguyen argues that the BIA incorrectly interpreted statutory law when it concluded that she was ineligible for a § 209(c) waiver of inadmissibility because she had already adjusted from refugee status to LPR status. She

---

[36] 8 U.S.C. § 1159.

contends that she did not lose her refugee status, nor was it terminated, merely because she previously adjusted to LPR status. As a basis of this argument—that she has not lost her refugee status by virtue of adjusting to LPR status—Nguyen points us to *In re Smriko*,[37] which held that an alien who has been admitted as a refugee and has adjusted to LPR status may be placed in removal proceedings because termination of refugee status is not a precondition to the initiation of removal proceedings.[38] Thus, because her refugee status was never terminated, Nguyen argues that she is entitled to readjust her LPR status and apply for a § 209(c) waiver of inadmissibility. She argues that the authority for allowing readjustment for someone in her position is supported by precedential BIA and Attorney General decisions.[39]

The BIA has previously dealt with this same question. In *In re S-I-K-*, an alien who had been admitted as a refugee and who had adjusted to LPR status urged, following a conviction for an aggravated felony, that he was entitled to seek adjustment of status under § 209(a) in conjunction with a waiver of inadmissibility under § 209(c) because of his refugee status.[40] Like Nguyen, the alien argued that he remained a refugee and that he should be given an opportunity to reapply for adjustment of status under § 209(a) in conjunction with the waiver of inadmissibility under § 209(c).[41] The BIA held as follows:

---

[37] 23 I. & N. Dec. 836 (BIA 2005).

[38] *Id.* at 840, 842. Summarizing the refugee adjustment process set forth in *In re Jean*, on which Nguyen relies, the BIA in *In re Smriko* held that "[t]he respondent's argument that the Attorney General's termination of refugee status is a precondition to removal is directly refuted by the statute, the promulgating regulation, and the Attorney General's explanation of the refugee adjustment process in [*In re*] *Jean.*" *Id.* at 840.

[39] She points us to *In re D-K-*, 25 I. & N. Dec. 761 (BIA 2012); *In re H-N-*, 22 I. & N. Dec. 1039 (BIA 1999) (en banc); *In re Jean*, 23 I. & N. Dec. 373 (A.G. 2002). She also tries to analogize her case to *In re Rainford*, 20 I. & N. Dec. 598 (BIA 1992) and *In re Gabryelsky*, 20 I. & N. Dec. 750 (BIA 1993).

[40] 24 I. & N. Dec. at 324–25.

[41] *Id.* at 330.

[T]he respondent's eligibility for such relief is foreclosed by the plain language of the statute, which declares that a refugee admitted under [INA § 207] can be admitted as an immigrant only if he "has not acquired permanent resident status." [INA § 209(a)(1)(C)]. The respondent previously acquired permanent resident status in April 1999 and is therefore prohibited from acquiring such status again by means of section 209(a) of the [INA]. Moreover, inasmuch as the respondent is ineligible to apply for adjustment of status under section 209(a), he cannot obtain a section 209(c) waiver, which is applicable only to an "alien seeking adjustment of status under [section 209]."[42]

*In re S-I-K-* is a precedential decision and as such possibly entitled to *Chevron* deference as explained above. We now hold that § 209 is sufficiently ambiguous and that the BIA's interpretation is reasonable, entitling the BIA to *Chevron* deference. As a result, we agree that Nguyen is not entitled to readjust to LPR status under § 209, and as such, is ineligible for the § 209(c) waiver.

We note that several of our sister courts have also agreed that an alien who has already adjusted from refugee to LPR status is ineligible for a § 209(c) waiver. The Fourth Circuit, in *Saintha v. Mukasey*,[43] has applied *Chevron* deference to the BIA's determination that a refugee who has already acquired LPR status is precluded from subsequently readjusting to LPR status and thus is ineligible to seek a waiver of inadmissibility under § 209(c).[44] The Third Circuit has come to the same conclusion as well in an unpublished opinion.[45] The Seventh Circuit, while reaching the same conclusion, has gone a step further by holding that refugees who have adjusted to LPR status no longer retain refugee

---

[42] *Id.*

[43] 516 F.3d 243 (4th Cir. 2008).

[44] *Id.* at 252–53.

[45] *Van v. Att'y Gen. of U.S.*, 395 F. App'x 889, 891–92 (3d Cir. 2010) (holding that refugees who have already acquired LPR status are ineligible for a § 209(c) waiver in light of the language in that adjustment of status can be granted to an alien "who has not acquired permanent resident status.").

status.[46] There is no need for us to reach that question today: whether a refugee who has since adjusted to LPR status no longer has refugee status. But we do note that our sister courts agree that a refugee who adjusts to LPR status can no longer invoke the § 209(c) waiver. The Ninth Circuit has come to a similar conclusion, but in the context of asylees rather than refugees.[47] Finally, the Eighth Circuit has refused to even consider a § 209(c) waiver in a removability case because it "does not make an alien immune from removal."[48] While that question is not in front of us either, the Eighth Circuit's holding does continue the trend of the § 209(c) waiver not being available to a refugee who has previously adjusted to LPR status.

Nguyen's citation to authority to the contrary fails to persuade. Her citation to *In re Smriko* only proves that her refugee status is not necessarily terminated. However, it does not prove that a refugee who has adjusted to LPR status is entitled to readjust and use the § 209(c) waiver. Nguyen's reliance on *In re D-K-* is also unpersuasive, as that case involved a refugee who had not adjusted status to that of a LPR.[49] Similarly, her reliance on *In re H-N-* is factually distinguishable because the alien in that case arrived in the United States as a refugee, applied for an adjustment of status under § 209(a), and was

---

[46] *Gutnik v. Gonzales*, 469 F.3d 683, 692 (7th Cir. 2006) (holding that an alien who adjusted status from refugee to lawful permanent resident no longer qualified as a refugee and was thus no longer eligible to apply for a waiver of inadmissibility in connection with an adjustment of status under § 209), *overruled on other grounds by Arobelidze v. Holder*, 653 F.3d 513 (7th Cir. 2011).

[47] *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1060–62 (9th Cir. 2010) (determining that an asylee who adjusted status to that of a lawful permanent resident was ineligible to readjust status pursuant to INA § 209(b), and thus was ineligible for a § 209(c) waiver).

[48] *Freeman v. Holder*, 596 F.3d 952, 957 (8th Cir. 2010). *Freeman* reasoned that § 209(c) only "waives a ground of inadmissibility *for the purpose of seeking adjustment of status.*" *Id.* Freeman had failed to appear at his adjustment of status hearing and his application for adjustment of status had been denied. *Id.* at 957 n.4. Therefore, the only issue was whether the § 209(c) waiver affected his removability directly. *Id.* at 957.

[49] 25 I. & N. Dec. at 761.

granted a § 209(c) waiver of inadmissibility; unlike Nguyen, she did not apply for a readjustment of status after having been granted LPR status.[50] Nguyen's citations to *In re Rainford* and *In re Gabryelsky* and their progeny are also inapposite.[51]

Therefore, as a matter of first impression, we conclude that a refugee who has already adjusted to LPR status may not readjust under INA § 209, and thus, is not eligible for a § 209(c) waiver. Since Nguyen was ineligible for a § 209(c) waiver, the BIA did not abuse its discretion in denying her motion for reconsideration on this issue.

We, therefore, DENY her petition as to her § 209(c) claim.

**\* \* \***

PETITION IS DISMISSED IN PART; DENIED IN PART.

---

[50] 22 I. & N. Dec. at 1040.

[51] These cases involved individuals with LPR status who were seeking to readjust under a different provision, INA § 245(a). *In re Rainford,* 20 I. & N. Dec. at 599–600; *In re Gabryelsky,* 20 I. & N. Dec. at 750–51. However, as explained above, Nguyen can only benefit from § 209(c) if she is eligible to adjust under § 209, which she is not.