FILED
United States Court of Appeals
Tenth Circuit

June 11, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MUYI ATANDA SHOGBUYI,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent.

No. 19-9597
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Muyi Atanda Shogbuyi, a native and citizen of Nigeria who proceeds pro se,

petitions for review of the decision of the Board of Immigration Appeals (Board or

BIA) denying his motion to reconsider a previous decision. We dismiss the petition

in part and deny it in part.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Shogbuyi came to the United States in 1982 and became a lawful permanent resident in 1990. He has three adult children, all United States citizens.

In 2014, Mr. Shogbuyi was convicted of one count of bank fraud in violation of 18 U.S.C. § 1344. The conviction arose out of his participation in a scheme to submit a fraudulent application for a $291,000 mortgage loan to an Illinois bank. The scheme was unsuccessful because it was a sting operation and the government arrested the participants before the fraud was completed. Mr. Shogbuyi was sentenced to 25 months' imprisonment.

After serving his sentence, Mr. Shogbuyi was charged with removability as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). The relevant felonies were fraud where the loss to the victim exceeds $10,000, *see* 8 U.S.C. § 1101(a)(43)(M)(i), and attempt or conspiracy to commit fraud where the loss to the victim exceeds $10,000, *see id.* § 1101(a)(43)(U).

Before an immigration judge (IJ),[1] Mr. Shogbuyi admitted most of the factual allegations, but he denied his conviction involved a loss of more than $10,000. After holding a hearing, the IJ sustained the factual allegations regarding financial loss and the removability charges. Mr. Shogbuyi filed a motion to reconsider, which the IJ denied in March 2018.

---

[1] The case was assigned to three different IJs during the course of the proceedings. For ease of reference, we simply refer to "an" or "the" IJ.

2

Mr. Shogbuyi also sought to adjust his status, which required a waiver of inadmissibility and a finding that qualifying relatives would incur an extreme hardship if he were removed. In September 2018, the IJ denied the waiver, holding that Mr. Shogbuyi had not demonstrated his adult children would experience extreme hardship. The September decision also incorporated the March 2018 denial of the motion to reconsider regarding removability. Mr. Shogbuyi appealed to the Board, which upheld the IJ's decisions and dismissed the appeal on April 11, 2019.

Mr. Shogbuyi then filed a motion to reconsider the April 11, 2019, decision with the Board. After filing the motion to reconsider, in July 2019 Mr. Shogbuyi filed a petition for review. This court determined it lacked jurisdiction because the thirty-day deadline to file a petition for review of the Board's April 11, 2019, merits decision had passed, and the motion to reconsider that decision was still pending before the Board. We therefore dismissed the matter on the government's motion.

The Board denied the motion to reconsider on October 17, 2019. Mr. Shogbuyi then filed a second petition for review, commencing the instant matter.

## DISCUSSION

### I. Scope of Review

Although the agency has issued several orders during Mr. Shogbuyi's immigration proceedings, the second petition for review was timely only as to the Board's October 17, 2019, order denying reconsideration of its April 11, 2019, decision. *See* 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed no later than thirty days after the agency decision); *Stone v. INS*, 514 U.S. 386, 405

3

(1995) (holding that filing a motion for reconsideration with the Board does not toll the time to petition for review of the merits decision). Accordingly, we have jurisdiction to review only the October 17, 2019, order.

We construe Mr. Shogbuyi's filings liberally because he has proceeded pro se both before the agency and this court. *See Awuku-Asare v. Garland*, 991 F.3d 1123, 1125 n.1 (10th Cir. 2021). We review the Board's denial of a motion to reconsider only for an abuse of discretion. *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). But "[t]here is no abuse of discretion when the BIA's rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the BIA's decision is succinct." *Id.* (internal quotation marks omitted).

Because Mr. Shogbuyi has been declared removable due to a criminal offense covered by § 1227(a)(2)(A)(iii) and seeks a waiver of inadmissibility under 8 U.S.C. § 1182(h), our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)-(D); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (recognizing that review of a motion to reopen is precluded if review of the underlying order of removal is precluded).

## II.    Analysis

### A.    Intended Loss Amount

Mr. Shogbuyi first challenges the agency's determination that his conviction satisfies § 1101(a)(43)(M)(i) and (U) because it involved an intended loss of more than $10,000. He argues that the agency did not comply with *Nijhawan v. Holder*, 557 U.S. 29 (2009). Under *Nijhawan*, "the monetary threshold [of subparagraph (M)(i)] applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Id.* at 40. Because the amount of loss was not an element of Mr. Shogbuyi's offense, *see id.* at 32, the agency was tasked with determining whether the specific circumstances of his offense involved a loss of more than $10,000, *see id.* at 40-42. In proving the loss amount, the government must submit "clear and convincing" evidence tying the loss "to the specific counts covered by the conviction." *Id.* at 42 (internal quotation marks omitted).

In its April 11, 2019, decision, the Board stated that it could not relitigate whether Mr. Shogbuyi was factually innocent of bank fraud. It held that a conviction under § 1344 is an aggravated felony under § 1101(a)(43)(M)(i) and (U). It further held that the IJ properly determined that the amount of loss exceeded $10,000, stating that the amount of loss can be calculated as either actual loss or potential loss. And it held that the IJ had employed the circumstance-specific approach required by *Nijhawan*. Noting different estimates of loss in the record—all of which exceeded $10,000—the Board concluded that "there is ample evidence in the conviction

5

records demonstrating that the intended loss from the respondent's fraudulent activity exceeded $10,000." Admin. R. Vol. 1 at 103. "Therefore, the Immigration Judge properly determined that there was clear and convincing evidence that the respondent's conviction met the threshold required under [8 U.S.C. § 1101(a)(43)(M)(i)]." *Id.* The Board accordingly dismissed the appeal.

In the October 19, 2019, decision denying reconsideration, the Board reiterated it could not consider whether Mr. Shogbuyi was factually innocent of bank fraud. It concluded it had not erred in upholding the consideration of intended loss. It noted that contrary to Mr. Shogbuyi's assertion, the IJ had considered the presentence report (PSR) from the criminal case in determining the intended loss amount. The Board further stated that, even assuming the IJ had not considered the PSR, Mr. Shogbuyi had not shown substantial prejudice because he had not demonstrated that, had the IJ considered the PSR, the outcome of his case would have been different. And it held Mr. Shogbuyi had not shown the IJ committed clear error in finding that the amount of intended loss exceeded $10,000.

Complaining that throughout the proceedings there have been varying (and divergent) estimates of potential loss, Mr. Shogbuyi asserts the record is insufficient to establish a loss amount by clear and convincing evidence, as required by *Nijhawan*. He points out the PSR did not assess any loss, and he notes "the absence of corroboratory evidence in [the] form of restitution amount, plea deal, or acceptance of loss, judgment record and absence of statement of reasons needed to establish the loss amount by clear and convincing standard of proof." Opening Br. at

6

10; *see also id.* at 15 ("Since there was no admittance of any loss—intended or actual or permanent or temporary—, no record of loss in the PSR and record of conviction, the agency cannot lay claim to clear and convincing evidence of loss amount.").

*Nijhawan*, however, does not require any particular type of evidence, and it declined to limit the immigration court to considering charging documents, jury instructions, jury findings, plea documents, and similar documents. *See* 557 U.S. at 41. The agency was not required to treat the PSR's assessment of no loss as determinative. In denying reconsideration, the Board identified several pieces of evidence regarding the intended loss amount and determined that it had not erred in holding that the IJ had found the loss amount by clear and convincing evidence. And to the extent that Mr. Shogbuyi attacks the correctness of the agency's ultimate factual finding regarding the amount of loss, § 1252(a)(2)(C) strips us of jurisdiction to review that issue.

### B.    Due Process

Mr. Shogbuyi suggests his right to due process was violated when the IJ decided the loss amount without having reviewed the PSR and the statement of reasons. As stated above, the Board concluded the IJ did consider the PSR, and that even if he had not, Mr. Shogbuyi had not demonstrated prejudice.

Mr. Shogbuyi is correct that the IJ did not have the PSR before him either in making the initial decision on loss or in denying reconsideration in March 2018. Shortly after denying reconsideration, however, the IJ ordered the government to obtain the PSR from the federal district court. The government complied, submitting

7

the PSR to the IJ in May 2018. The IJ informed Mr. Shogbuyi at a hearing on May 29, 2018, that he had received the PSR and reviewed it, and that it did not change his decision. The IJ subsequently incorporated his March 2018 decision into the September 2018 decision. But the IJ never had access to the sentencing court's statement of reasons.

Mr. Shogbuyi has failed to demonstrate the belated consideration of the PSR and failure to consider the statement of reasons denied him due process. "An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Therefore, when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (citation and internal quotation marks omitted). There is no indication that the late provision of the PSR and the failure to consider the statement of reasons deprived Mr. Shogbuyi of the opportunity meaningfully to be heard.

## C. Substantial Step

Mr. Shogbuyi denies that he attempted to dispute the validity of his criminal conviction before the Board. Instead, he states that he simply sought to explain the circumstances of the offense, in compliance with *Nijhawan*. But he then goes on to assert that the record does not support that he took a substantial step or overt act toward defrauding the bank. This argument attacks the existence of an element of attempt. *See United States v. Irving*, 665 F.3d 1184, 1195 (10th Cir. 2011) ("An attempt requires both (1) an intent to commit the substantive offense, and (2) the

8

commission of an act which constitutes a substantial step towards commission of the substantive offense." (internal quotation marks omitted)). The Board did not err either in construing the argument as disputing the validity of the conviction, or in rejecting it on that basis, *see Vasiliu v. Holder*, 651 F.3d 1185, 1187 (10th Cir. 2011) ("[A] challenge to an alien's criminal conviction, upon which a removal order is based, is beyond the scope of removal proceedings.").

Mr. Shogbuyi further complains that in denying reconsideration, the Board switched from addressing attempt crimes to addressing conspiracy crimes. This argument appears to challenge the Board's reliance on *In re S-I-K-*, 24 I. & N. Dec. 324 (BIA 2007). But the Board cited *S-I-K-* in its April 11, 2019, merits decision, and Mr. Shogbuyi did not challenge that reliance in his motion for reconsideration. Because Mr. Shogbuyi did not first present his argument to the Board, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

### D.    Remaining Arguments

With regard to the waiver of inadmissibility, Mr. Shogbuyi complains that (1) the IJ violated his right to due process when he did not adjourn the hearing and reconvene to examine statements regarding financial support, instead simply allowing the submission of that evidence after the hearing, and (2) the Board impermissibly engaged in factfinding when it determined that the cumulative hardships did not reach the level of extreme hardship. It does not appear, however, that Mr. Shogbuyi presented either of these arguments to the Board. We therefore lack jurisdiction

9

consider them. *See* § 1252(d)(1); *Garcia-Carbajal*, 625 F.3d at 1237;

*see also Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008)

("[O]bjections to procedural errors or defects that the BIA could have remedied must

be exhausted even if the alien later attempts to frame them in terms of constitutional

due process on judicial review"); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122

(10th Cir. 2007) (holding that petitioners failed to exhaust their claim that the Board

conducted de novo factfinding when they did not raise it in a motion to reopen or a

motion to reconsider).

## CONCLUSION

Mr. Shogbuyi's motion to proceed without prepayment of costs or fees is

granted. We dismiss for lack of jurisdiction the arguments that were not first

presented to the Board, and we deny the remainder of the petition for review.

Entered for the Court

Joel M. Carson III
Circuit Judge

10

No. 19-9597, *Shogbuyi v. Garland*
**BRISCOE**, Circuit Judge, concurring.

I write separately on the issue of loss. I write only to emphasize the BIA's correct focus on Mr. Shogbuyi's criminal charges, criminal convictions, and that 8 U.S.C. § 1101(a)(43)(U) is satisfied if Mr. Shogbuyi has only *attempted* to commit fraud where loss to the victim exceeds $10,000. 8 U.S.C. § 1101(a)(43)(U) ("The term 'aggravated felony' means . . . an attempt or conspiracy to commit an offense described in this paragraph."). Actual loss to the victim need not be shown.

As stated in the BIA's ruling of April 11, 2019: "[Mr. Shogbuyi] was convicted on August 6, 2014, in the United States District Court, Northern District of Illinois, for Bank Fraud in violation of 18 U.S.C. §§ 2 [attempt] & 1344 [bank fraud]. He was sentenced to 25 months' imprisonment." Admin. R. Vol. 1 at 100 (citations omitted). The BIA went on to state that "the Immigration Judges properly determined that the amount of loss involved in the 18 U.S.C. § 1344 conviction exceeded $10,000.00. The amount of loss is calculated either as actual or the *potential loss* to the victim." *Id.* at 102 (citing *Matter of S-I-K-*, 24 I. & N. Dec. 324, 328–29 (BIA 2007)) (emphasis added).

Mr. Shogbuyi's unfortunate confusion on the issue of loss stems from his reliance on his Presentence Report, which I note was clearly listed and included in the record reviewed by the IJs. His Presentence Report calculated a Guideline range of 6–12 months' imprisonment. As stated by the BIA, the Presentence Report considered by the district court "indicated that during an early sentencing hearing the federal court concluded there was no *determinable* loss based on information and evidence provided

by the parties." *Id.* at 103 (citation omitted) (emphasis added). Meaning no actual loss. But again, actual loss is not the only measure. As Mr. Shogbuyi's 25 months' sentence under the Sentencing Guidelines confirms, "the trial judge determined the *intended* loss was in an amount of over $30,000.00." *Id.* (citing U.S.S.G. § 2B1.1) (emphasis added). This increase from the Presentence Report's calculated Guideline range of 6 to 12 months is explained by the trial judge's consideration of intended loss.

The IJs and the BIA were correct to focus on Mr. Shogbuyi's conviction of attempted bank fraud and that while he was not successful in his attempted fraud, the loss he intended was over $30,000.

The BIA correctly denied Mr. Shogbuyi's motion for reconsideration of its ruling that he was removable as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(U).